UNION COUNTY TRUST COMPANY, SUCCESSOR EXECU-
TOR OF THE ESTATE OF ELIZABETH RODMAN VOOR-
HEES, DECEASED, PROSECUTOR-PETITIONER, v. J. H.
THAYER MARTIN, STATE TAX COMMISSIONER, DE-
FENDANT-RESPONDENT.

Submitted October 4, 1938—Decided February 1, 1939.

Before Justices DONGES and PORTER.

For the prosecutor-petitioner, *Whittemore & McLean*
(*Sigurd A. Emerson*, of counsel).

For New Jersey College for Women, *Russell E. Watson*.

For the defendant-respondent, *David T. Wilentz* (*William
A. Moore*, of counsel).

PER CURIAM.

The writ of *certiorari* brings before us for review the decree
of the Prerogative Court affirming a transfer inheritance tax
assessment in the estate of Elizabeth Rodman Voorhees,
deceased, in so far as it includes a tax of $75,816.29 on the
transfer of the residuary estate to the New Jersey College
for Women.

After the death of the testatrix and the accrual of transfer inheritance taxes on this residuary estate to the legatee in question, the legislature enacted a statute, chapter 102, *Pamph. L.* 1925, exempting from this tax any devise or bequest "to or for the use of any institution solely educational for whose benefit there may have been or may hereafter be appropriations made by the legislature of this state," and making it effective retroactively to July 1st, 1924, which date was anterior to that of the death of the testatrix.

The sole question is as to the constitutionality of this statute. It is conceded that if the same be valid the tax so assessed is erroneous, otherwise the assessment is proper.

The decree below was advised by Vice-Ordinary Buchanan whose conclusion is reported in 123 *N. J. Eq.* 142. He found that the statute in question was unconstitutional and invalid for the reason that it exempted or annulled taxes to which the right of the state had already become fixed and vested.

We are in accord and affirm, for the reasons expressed in the opinion of the said vice-ordinary.