RAYMOND F. MALE, COMMISSIONER, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ERNEST RENDA CONTRACTING CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT AND CROSS-RESPONDENT, AND HILLSBOROUGH MUNICIPAL UTILITIES AUTHORITY, TOWNSHIP OF HILLSBOROUGH, COUNTY OF SOMERSET, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.

Argued November 21, 1973—Decided January 22, 1974.

*Mr. William P. Westling* argued the cause for defendant-respondent and cross-appellant Hillsborough Municipal Utilities Authority (*Messrs. Imbriani & Westling,* attorneys).

*Mr. Raymond P. Demarco* argued the cause for defendant-appellant and cross-respondent Ernest Renda Contracting Co., Inc. (*Messrs. Romer and Demarco,* attorneys).

*Mr. Stephen Skillman,* First Assistant Attorney General, argued the cause for plaintiff-respondent (*Ms. Virginia Long Annich,* Deputy Assistant Attorney General, on the brief; *Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

*Messrs. Heller & Laiks* filed a brief for *amicus curiae* Utility Contractors Association of New Jersey, Inc.

*Mr. Ronald L. Tobia* filed a brief for *amicus curiae* Associated Independent Contractors.

*Messrs. Parsonnet, Parsonnet & Duggan,* filed a brief for *amicus curiae* New Jersey State AFL-CIO.

*Messrs. Dunn and Pykon* filed a brief for *amicus curiae* New Jersey Building and Construction Trades Council AFL-CIO.

PER CURIAM. We affirm the judgment of the Appellate Division for substantially the reasons set forth in its opinion reported at 122 *N. J. Super.* 526 (1973), but add the following comments.

The statute in question, *N. J. S. A.* 34:11–56.25 *et seq.,* is not a true prevailing wage statute since non-union wages are not used in determining the wage rate. Only the wages fixed in collective bargaining agreements in the locality for the particular craft or trade are used. The result is that the parties who negotiate the collective bargaining agreements also establish the statutory wage rate for public works in the locality. Although this must be viewed as some form of delegation of legislative power to private parties, such delegation is not *per se* unconstitutional. The test is whether the particular delegation is reasonable under the circumstances considering the purpose and aim of the statute. See note, "The State Courts and Delegation of Public Authority to Private Groups," 67 *Harv. L. Rev.* 1398 (1954); *Ind. Elec. Assn. of N. J. v. N. J. Bd. of Exam.,* 54 *N. J.* 466 (1969); *Group Health Insurance of N. J. v. Howell,* 40 *N. J.* 436 (1963) and 43 *N. J.* 104 (1964); *State v. Hotel Bar Foods,* 18 *N. J.* 115 (1955).

The statute is entitled to the presumption of constitutionality. While it is argued that the delegation herein also lacks safeguards and creates a danger of arbitrary, self-motivated action by the private parties involved, detrimental to the public good, no such action or result has been shown. As the Appellate Division noted in its opinion, 122 *N. J. Super.* at *p.* 535, the parties negotiating the collective bargaining agreements are competing groups with opposing

economic positions so that the agreements reached represent a balancing of interests. Considering the purpose and aim of the statute, it is clear that the delegation here involved meets the requirements of due process.

It is not the judicial function to pass upon the wisdom of the particular means established by the Legislature to fix a prevailing wage rate for public works. As long as due process is satisfied, the legislative formula must be upheld.

Affirmed.

*For affirmance* — Acting Chief Justice JACOBS, Justices HALL, SULLIVAN, PASHMAN and CLIFFORD and Judges CONFORD and COLLESTER—7.

*For reversal* — None.