139 N.J. Super. 510 (1976)
354 A.2d 650
NEW JERSEY DEPARTMENT OF TRANSPORTATION, DIVISION OF AERONAUTICS, PLAINTIFF-RESPONDENT,
v.
THOMAS BRZOSKA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1976.
Decided March 4, 1976.
*511 Before Judges MATTHEWS, LORA and MORGAN.
Mr. Angelo P. Mone argued the cause for appellant (Messrs. Koransky & Mone, attorneys; Mr. Arthur D. Fialk on the brief).
Mr. Remo M. Croce, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Remo M. Croce and Mr. Robert King, Deputy Attorneys General, on the brief).
PER CURIAM.
Defendant, a federally certified flight instructor, was unable to procure a fixed base operator's license permitting him to give flight instructions at the Linden *512 Airport because the owner of the airport refused to supply him with written permission to do so. He concededly violated N.J.S.A. 6:1-43 by giving such instructions without the license in order to challenge the constitutionality of the administrative regulation requiring the airport owner's permission as a condition to licensure. The trial judge upheld the constitutionality of the challenged regulation, fined defendant $25 for the violation, and this appeal ensued.
N.J.S.A. 6:1-18 et seq. provides for the regulation of aviation "in the interest of public safety and of aeronautic progress" (N.J.S.A. 6:1-20) and created the State Department of Aviation, the State Aviation Commission and the Office of the State Director of Aviation to further these objectives. See N.J.S.A. 6:1-29. The Commission[1] was specifically required to make provision for the licensing of fixed base operators, those who give or offer to give flight instruction to the public with or without compensation or other reward (N.J.S.A. 6:1-44; 6:1-21(j)), and was empowered to adopt reasonable rules and regulations to effectuate the purpose of the act "in the interest of public safety and the development of aeronautics in this State." N.J.S.A. 6:1-29.
Accordingly, the Commission adopted N.J.A.C. 16:55-1.3 setting forth the conditions for the licensure of fixed base operators. The challenged regulation, N.J.A.C. 16:55-1.3(c), provides:
The applicant must secure written authority of the owner or management of the airport, landing field, or landing strip where the fixed based operation will be conducted.
The Linden Airport owner refused the requested written authorization and thus prevented defendant from obtaining *513 the license for which he was otherwise admittedly fully qualified.
At trial and on this appeal defendant contends that the challenged regulation constitutes an unlawful delegation of administrative power to a private individual. He notes his admitted qualifications to teach flying and argues that the regulation empowers an airport owner, who may himself supply flight instruction, to prevent the licensing of a potential competitor by simply refusing to supply the written authorization the regulation requires as a condition for licensure.
The power of the airport owner to exclude competing flight instructors from using airport facilities is not at issue in this appeal. The owner is not a party; that issue was not projected, argued or resolved at the trial level. The only issue we confront is the legality of a regulation empowering a private person to exercise control over who shall or shall not be licensed as fixed base operators.
The power to determine who shall have the right to engage in an otherwise lawful enterprise may not be validly delegated to a private person or body, not subject to public accountability, particularly where the exercise of such power is uncontrolled by adequate legislative standards inhibiting arbitrary or self-motivated action by such private parties. Group Health Ins. of N.J. v. Howell, 40 N.J. 436, 445 (1963); see 1 Davis, Administrative Law, §§ 2.14, 2.15 (1958); Fink v. Cole, 302 N.Y. 216, 97 N.E.2d 873 (Ct. App. 1951); Union Trust Co. v. Simmons, 116 Utah 422, 211 P.2d 190 (Sup. Ct. 1949). The regulation at issue provides no standard at all, and this provides the airport owner with uncontrolled discretion to prevent issuance of a license for any reason or no reason at all.
The Department of Transportation justifies the regulation on the ground that it does nothing more than give an airport owner a power he already possesses, the power to exclude anyone from use of the airport facilities. This is not so. While we need not decide the extent of an airport owner's *514 power to exclude others from use of the airport's facilities, the regulation does confer on the owner the power to prevent licensure, a power which the owner would not otherwise possess. The second basis offered as justification for the regulation is that safety requires the State to have knowledge of where flight instruction is being given. That may be so, and the Department of Transportation may require that such information be filed. The desirability or even necessity for such information does not, however, justify conditioning licensure on the unbridled discretion of a private person.
We therefore conclude that the challenged regulation is invalid as an unlawful and uncontrolled delegation of administrative power to a private person, and since the invalid regulation prevented defendant from obtaining a license, the conviction for giving instructions while unlicensed must be vacated and set aside. It therefore becomes unnecessary for us to consider defendant's other contentions concerning the invalidity of this regulation.
Reversed.
NOTES
[1] The challenged regulation was adopted by the Commissioner of Transportation pursuant to authority delegated at N.J.S.A. 6:1-29, 6:1-44 and 27:1A-3 and became effective prior to September 1, 1969.