BOROUGH OF GLASSBORO, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PATROLMEN'S BENEVOLENT ASSOCIATION LOCAL 178 AND JOSEPH GRASSO, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 21, 1977—Decided April 6, 1977.

Before Judges CARTON, KOLE and LARNER.

*Mr. Donald B. Ross, Jr.* argued the cause for appellants (*Messrs. Zazzali, Zazzali & Whipple,* attorneys).

*Mr. Joseph F. Lisa* argued the cause for respondent.

PER CURIAM: This appeal involves the construction of *N. J. S. A.* 11:26C–4 which provides:

> The head of every public department and of every court of this State, the heads of the county offices of the several counties and the head of every department, bureau and office in the government of the various municipalities, shall give a leave of absence with pay to every person in the service of the State, county or municipality who is a duly authorized representative of the New Jersey State Patrolmen's Benevolent Association, Inc., Fraternal Order of Police, Firemen's Mutual Benevolent Association, Inc., the Uniformed Firemen's Association, or the New Jersey State Association of Chiefs of Police, to attend any State or national convention of such organization.

The Patrolmen's Benevolent Association Local 178 (PBA) is the labor representative of approximately 50 police officers of several municipalities of Gloucester County. The individual defendant, Joseph Grasso, president of the PBA, is employed by the Borough of Glassboro and was designated as an alternate delegate to the convention of the State PBA in 1974 and 1975. During those years the borough granted Patrolman McNally, the authorized delegate, a leave of absence with pay to attend the convention pursuant to the foregoing statute, but refused to grant such a leave to Patrolman Grasso. As a result of said denial the PBA filed a

grievance under the collective negotiation agreement and sought arbitration. This inspired the filing of the complaint by the borough in the Chancery Division seeking a declaration that it has no mandatory obligation to grant such leave with pay to Joseph Grasso and an injunction restraining the arbitration proceeding. PBA filed a counterclaim essentially consisting of the assertion of a position contrary to that of the borough.

After a summary hearing on the basis of undisputed facts the trial judge concluded that the controlling statute mandates that only one delegate be granted leave with pay, and that additional delegates may be authorized by the municipality pursuant to contract negotiations between the parties.[1] An order was entered declaring that plaintiff is under no obligation to grant a leave of absence with pay to defendant Joseph Grasso for attending state or national PBA conventions, and permanently enjoining the arbitration proceeding.

PBA's appeal is focused upon its contention that the statute creates a mandatory duty on the part of the municipality to grant leave with pay to all those delegates who are duly authorized representatives under the constitution and bylaws of the state organization, which in this instance provide for more than one delegate from the local PBA.

Our reading of the act impels us to conclude that the Legislature imposed a mandatory obligation on the governmental entities to grant leave of absence with pay to *every person* who is a duly authorized representative in order to attend the conventions of the named organizations. We disagree with the trial judge that the legislative language directly or indirectly limits its effect to one authorized representative. If the organizational precepts of the particular association call for two or more delegates, every person who

---

[1] The contract controlling this litigation does not contain a provision relating to convention delegates.

is an authorized delegate qualifies for the privileges granted by the statute.

When the Legislature refers to "every person" it clearly evinces an intent that the statute apply to all persons who are duly authorized to represent the local. We are unable to discern any language pointing to a contrary conclusion. This construction is buttressed by the general definition of words and phrases untilized in all statutes, as contained in *N. J. S. A.* 1:1-2, as follows:

> Unless it be otherwise expressly provided or there is something in the subject or context repugnant to such construction, the following words and phrases, when used in any statute and in the Revised Statutes, shall have the meaning herein given to them.
>
> \*    \*    \*    \*    \*    \*    \*    \*
>
> Number; \* \* \* Whenever, in describing or referring to any person, \* \* \* any word importing the singular number \* \* \* is used, the same shall be understood to include and to apply to several persons \* \* \* as well as to 1 person \* \* \*.

The argument is advanced that such an interpretation of the legislative mandate delegates the power of the municipal authority to the state association and its internal regulations. Such an argument is without foundation. The statute does not delegate to the association the power to grant the leave of absence in interference with the municipality's managerial functions. It merely dictates the duty of the municipality, albeit the number of delegates may be indirectly controlled by the rules of the state association.

■ Nevertheless, if the Legislature, with assumed knowledge of the impact of its enactments, adopts such a law, it is beyond the power of the courts to engraft a limitation not contained in the language of the statute. Presumptively, the Legislature relied upon the good sense and good faith of the respective associations to provide for such local representation at conventions which will not interfere with the functioning of the local police or fire departments.

■ In this particular case the quota of two delegates from the local police force of 14 patrolmen does not appear

to represent an inordinate and arbitrary application of the statutory provision. We do not reach the question whether an arbitrary or capricious application of the statute so as to interfere with the protection of the public by decimating the police or fire personnel on duty during the period of a convention is subject to judicial review. Such determination will await another day in a case where the facts support such an allegation.

Accordingly, we reverse the judgment below and declare that the Borough of Glassboro must grant a leave of absence with pay to defendant Joseph Grasso for attendance at such conventions for which he is an authorized delegate. Although the municipality is required to grant such leave to every authorized delegate, the statute does not inhibit leaves to a lesser number of delegates as may be determined between the borough and the Association by agreement.

Reversed.