775 A.2d 43 (2001)
NEW JERSEY STATE FIREMEN'S MUTUAL BENEVOLENT ASSOCIATION; Union City FMBA Local No. 212 and Local No. 12; Weehawken FMBA Local No. 26; and West New York FMBA Local No. 15, Plaintiffs-Appellants,
v.
NORTH HUDSON REGIONAL FIRE & RESCUE, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 2001.
Decided May 15, 2001.
*44 Craig S. Gumpel, Livingston, argued the cause for appellants (Fox & Fox, attorneys; David I. Fox and Mr. Gumpel, of counsel and on the brief).
*45 David F. Corrigan argued the cause for respondent (Murray, Murray & Corrigan, attorneys; Mr. Corrigan, of counsel; Joan M. Damora and Thomas M. Toman on the brief).
Markowitz & Richman, attorneys for amicus curiae New Jersey State Lodge Fraternal Order of Police (Charles F.X. Szymanski, on the brief).
Zazzali, Fagella & Nowak, Newark, attorneys for amicus curiae New Jersey State Policeman's Benevolent Association (Paul L. Kleinbaum, of counsel; Edward M. Suarez, on the brief).
Before Judges PETRELLA, NEWMAN and BRAITHWAITE.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
Plaintiffs New Jersey State Firemen's Benevolent Association (FMBA), Union City FMBA Local No. 212 and Local No. 12, Weehawken FMBA Local No. 26, and West New York FMBA Local No. 15 appeal from the entry of summary judgment in the Law Division by Judge D'Italia declaring N.J.S.A. 11A:6-10 and 40A:14-177 unconstitutional as special legislation. Those statutes require public employers to grant paid convention leave to delegates to certain State conventions of various prescribed organizations, in this case the FMBA convention. We affirm, holding the statutes to be an unconstitutional delegation of legislative authority.

I.
Plaintiffs' complaint in lieu of prerogative writs sought injunctive relief to enjoin North Hudson Regional Fire & Rescue (Regional),[1] a public employer, from denying delegates from the Union City, Weehawken and West New York FMBA locals (they did not have majority representative status), paid leave to attend the September 1999 State FMBA Convention and asserted a statutory right to paid convention leave under N.J.S.A. 11A:6-10 and 40A:14-77.[2]
*46 The parties cross-moved for summary judgment and declaratory relief and Judge D'Italia granted plaintiffs' request to amend their complaint to assert claims for reimbursement for those individuals who had recently attended the recent State FMBA convention without pay.
The judge granted Regional's motion and declared the statutes unconstitutional as special legislation under N.J. Const., Article IV, § 7, but did not declare them unconstitutional as an improper delegation of authority to the State FMBA because he felt bound by case law, although he expressed reservations about the prior case law. Aside from the constitutionality questions, he also ruled that under N.J.S.A. 11A:6-10 and 40A:14-177, paid convention leave was not limited to organizations with negotiation representation status and did not limit the number of representatives entitled to paid leave. Plaintiffs' cross-motion for summary judgment and request for a stay of the order pending appeal were denied.
Prior to the 1999 consolidation of the fire departments of the affected municipalities, firefighters and fire officers of each municipal fire department were represented by separate local unions for collective negotiation and fraternal purposes. Union City firefighters and fire officers were represented by plaintiffs FMBA Local Nos. 12 and 212, respectively. Weehawken firefighters were represented by plaintiff FMBA Local No. 26. West New York firefighters and fire officers were affiliated with plaintiff FMBA Local No. 15 for fraternal purposes only. West New York, Guttenberg and North Bergen were represented for collective negotiation purposes by the International Association of Fire Fighters (IAFF), which is not affiliated with the FMBA or a party to this litigation.
After the consolidation, the Public Employment Relations Commission (PERC) held an election for the firefighters and fire officers of the newly formed regional department to determine a collective negotiation representative to represent public employees to negotiate with Regional. On March 16, 1999, the North Hudson Firefighters Association (NHFA) and the North Hudson Fire Officers Association (NHFOA) were elected as the collective negotiation representatives for the firefighters and fire officers of Regional. The NHFA thus replaced the FMBA and IAFF locals who previously represented the individual departments of the participating municipalities. The NHFA and the NHFOA were not affiliated with the FMBA at the commencement of this suit.[3] Plaintiffs assert that after the election the local unions remained affiliated with the FMBA and continued to represent the officers for fraternal purposes until October 1999.
On August 6, 1999, Union City FMBA Local No. 12 submitted a request that *47 Regional provide paid convention leave to six firefighters from that union to serve as delegates at the State FMBA convention between September 13 and 16, 1999. On August 19, 1999, Weehawken FMBA Local No. 26 also submitted a request for paid convention leave for five delegates to attend the convention. Plaintiffs assert that West New York FMBA Local No. 15 intended to request convention leave for five delegates, but did not do so because it believed Regional would deny the request. The number of authorized delegates from each FMBA local is determined by the State FMBA constitution and by-laws.[4]
Regional denied the requests for convention leave and took the position that it was not required to provide convention leave to the delegates of the FMBA affiliated local unions because they had been replaced as collective negotiation agents by the NHFA and the NHFOA, which were not then affiliated with the FMBA. Nevertheless, Regional ultimately permitted two individuals each from the NHFA and the NHFOA to attend the convention.[5]
On appeal, plaintiffs contend that defendant Regional lacked standing to challenge the constitutionality of those statutes. They argue that the statutes are constitutional and are entitled to a presumption of validity that was not overcome by Regional. Moreover, plaintiffs argue that even if the statutes are unconstitutional as special legislation, see N.J. Const., Article IV, § 7, ¶¶ 7 through 10, the judge should have applied "judicial surgery" to sever portions of the statutes which were held unconstitutional, thereby salvaging the statutes as originally enacted.
On the other hand, Regional argues that the judge erred in not going further and also finding the statutes unconstitutional as an improper delegation of legislative authority. At oral argument the court raised a question as to whether paid leave by public employers for the benefit of convention activity by the various entities (referred to by Regional as "private fraternal organizations") constitutes an illegal gift. See N.J. Const., Article VIII, § 3, ¶ 3.[6]

II.
A brief review of the convention leave statutes provides a backdrop to this appeal. In 1955, the Legislature enacted *48 N.J.S.A. 11:26C-4, the predecessor to N.J.S.A. 11A:6-10, which mandated paid convention leave for every State, county and municipal employee "who is a duly authorized representative of the New Jersey State Patrolmen's Benevolent Association, Inc., Fraternal Order of Police, Firemen's Mutual Benevolent Association, Inc., and the Uniformed Fireman's Association...." L. 1955, c. 188.
The Legislature recodified the Civil Service Act in 1986 and N.J.S.A. 11A:6-10 replaced N.J.S.A. 11:26C-4. L. 1986, c. 112. N.J.S.A. 11A:6-10 was subsequently amended by L. 1993, c. 105 to add the Italian American Police Society of New Jersey. Subsequent to the order on appeal, L. 2000, c. 130 added the New Jersey Law Enforcement Supervisors Association, the New Jersey Superior Officers Law Enforcement Association, the New Jersey Superior Officers Law Enforcement Association-Captains Unit, and the International Association of Women Police.
Two separate Bills were introduced in the Assembly in 1998 to amend N.J.S.A. 11A:6-10 to include additional organizations. Assembly Bill No. 1612 sought to include the Emerald Society, an Irish American Police Association, and Assembly Bill No.2068 sought to include affiliates of the International Association of Black Professional Firefighters and the National Association of Hispanic Firefighters under the umbrella of N.J.S.A. 11A:6-10. Neither Bill was enacted into law.
In 1977, the Legislature enacted N.J.S.A. 40A:14-177 to extend paid convention leave benefits to county and municipal employees in non-civil service positions. N.J.S.A. 40A:14-177 originally provided convention leave to representatives of the New Jersey State PBA, the FOP, the FMBA, the Uniformed Firemen's Association and the New Jersey State Association of Chiefs of Police. L. 1977, c. 347. In 1983, the statute was amended by L. 1983, c. 336 to extend coverage to additional organizations. Regional contends that the application of these statutes to certain organizations and not others renders the statutes unconstitutional as special legislation.[7]

III.
As a preliminary matter we address plaintiffs' argument that Regional lacks standing to challenge a State statute and reject it substantially for the reasons stated in Judge D'Italia's February 4, 2000 opinion. We add the following brief comments.
Plaintiffs assert that under City of Trenton v. New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937 (1923), a political subdivision of the State, such as Regional, has no authority to challenge enactments by the State Legislature.
City of Trenton held that a creature of the state cannot assert rights under the Federal Constitution against state legislation. Id. at 186-187, 43 S.Ct. at 536-537, 67 L.Ed. at 941. However, "that does not restrict a municipality's right to challenge state legislation, in state court, under the state's own constitution." City of Jersey City v. Farmer, 329 N.J.Super. 27, 33, 746 A.2d 1018 (App.Div.), certif. denied, 165 N.J. 135, 754 A.2d 1211 (2000); accord Secaucus v. Hudson County Bd. of Taxation, 133 N.J. 482, 491-492, 628 A.2d 288 (1993), cert. denied, 510 U.S. 1110, 114 S.Ct. 1050, 127 L.Ed.2d 372 (1994).
Under our "liberal application of standing criteria," Ridgewood Educ. Ass'n. v. Ridgewood Bd. of Educ., 284 N.J.Super. *49 427, 431, 665 A.2d 776 (App.Div.1995), Regional has a stake in the constitutionality of the applicable statutes in that they require Regional to pay convention leave and deal with a potential shortage of firefighters and fire officers on convention dates.[8] Moreover, if, as it argues, the statutes improperly delegate legislative power to private fraternal organizations, then Regional is directly affected by the delegation and has an obvious stake in challenging the legislation on that basis. Thus, Judge D'Italia properly held that Regional had standing to challenge the constitutionality of those statutes.

IV.
We now turn to Regional's special legislation challenge. The Law Division Judge found N.J.S.A. 11A:6-10 and 40A:14-177 to be "arbitrarily exclusive" by conferring the benefit of convention leave on the fraternal organizations of certain ethnic groups while excluding others, and ultimately found the statutes unconstitutional as special legislation.[9]
Review of a constitutional challenge begins with the well settled principle that all statutes are entitled to a presumption of validity that is only overcome by a showing that "it is clearly repugnant to the Constitution." Newark Superior Officers Ass'n v. City of Newark, 98 N.J. 212, 222, 486 A.2d 305 (1985). "Where alternative interpretations of a statute are equally plausible, the view sustaining the statute's constitutionality is favored." Secaucus v. Hudson County Bd. of Taxation, supra (133 N.J. at 492, 628 A.2d 288). As stated in City of Jersey City v. Farmer, supra (329 N.J.Super. at 38, 746 A.2d 1018) (quoting Secaucus v. Hudson County Bd. of Taxation, supra (133 N.J. at 493, 628 A.2d 288)), "[a] statute must `clearly and irremediably violate[ ]' the ban on special legislation to be invalidated."
Legislation is deemed special "`when, by force of an inherent limitation, it arbitrarily separates some persons, places or things from others upon which, but for such limitation, it would operate. The test of a special law is the appropriateness of its provisions to the objects that it excludes.'" Secaucus v. Hudson Cty. Bd. of Taxation, supra (133 N.J. at 494, 628 A.2d 288) (quoting Town of Morristown v. Woman's Club, 124 N.J. 605, 622, 592 A.2d 216 (1991) (Clifford, J., dissenting)). In other words, it "is not who the classification includes, but whether it excludes some who should be included." City of Jersey City v. Farmer, supra (329 N.J.Super. at 38, 746 A.2d 1018).
To distinguish special and general legislation:
[W]e first discern the purpose and object of the enactment. We then undertake to apply it to the factual situation presented. Finally, we decide whether, as so applied, the resulting classification can be said to rest upon any rational or reasonable basis relevant to the purpose and object of the statute.

[Vreeland v. Byrne, 72 N.J. 292, 300-301, 370 A.2d 825 (1977); accord Secaucus v. Hudson County Bd. of Taxation, supra (133 N.J. at 494, 628 A.2d 288); Newark Superior Officers *50 Ass'n v. City of Newark, supra (98 N.J. at 223, 486 A.2d 305).]
Neither the subject statutes nor their legislative history provide an express statement of purpose. The Civil Service statutes regarding paid convention leave had their genesis before the enactment of Chapter 303 of the Laws of 1968 (N.J.S.A. 34:13A-1 et seq.), which dealt with the establishment of PERC and a system of collective negotiations. In a sense, perhaps the convention leave statutes are now an anachronism and out-dated in light of the existence of labor agreements and collective negotiations. However, whether such matters as time and payment for attendance at conventions should be left to collective negotiation is a matter of policy and we leave that issue to the Legislature.
The Law Division Judge considered that there were potentially two purposes for the convention leave statutes. First, to provide an employment benefit making public employment in such areas more attractive. Second, to serve an educational purpose for which a public employer might otherwise be responsible. We have reservations on both points, but accept them for now as potential reasons for the original enactment of the statutes in 1955. Times and responsibilities have changed, however.
The critical inquiry today is whether there is any rational basis for inclusion of certain ethnic organizations, while excluding others. We agree with the trial judge's conclusion that "[i]t is difficult to project any rational purpose or object to these statutes without coming to the conclusion that they are arbitrarily exclusive." Once the Legislature has chosen to confer a benefit such as paid convention leave there is no rational basis, absent clear standards, for including certain fraternal organizations and excluding others.[10] We briefly discuss the potential applicability of "judicial surgery" as a cure for a constitutional defect in Point VI, infra.

V.
However, as we view it, there are other problems with the statute. We reject plaintiffs' argument that we should not consider Regional's claim that the judge erred in rejecting its challenge to the convention leave statutes as improper delegations of legislative authority because Regional did not cross-appeal. We note that "appeals are taken from judgments, not opinions, and, without having filed a cross-appeal, a respondent can argue any point on the appeal to sustain the trial court's judgment." Chimes v. Oritani Motor Hotel, Inc., 195 N.J.Super. 435, 443, 480 A.2d 218 (App.Div.1984).
Regional asserts that the convention leave statutes improperly delegate legislative authority to private organizations such as the FMBA without adequate safeguards in that the FMBA has the unrestrained power to mandate the number of delegates who are entitled to paid convention leave. With respect to this issue Judge D'Italia rightly considered himself bound by Borough of Glassboro v. Patrolmen's Benevolent Ass'n Local 178, 149 N.J.Super. 254, 373 A.2d 698 (App.Div.1977), and ruled in favor of the plaintiffs, albeit with obvious reservations: "While this court might reach a different conclusion that the statutes do, in fact, constitute a grant of power to private organizations without guidance or limitations, stare decisis requires that this court follow the ruling in Glassboro." Regional argues that Glassboro is distinguishable, *51 and in the alternative, suggests that "[r]eason and logic demand that the Glassboro analysis no longer be given legal effect."
It is clear that, unlike the trial court, this court is not so bound, and if there is error or misunderstanding in our prior opinion, then, as Justice Handler noted in Vega v. Piedilato, 154 N.J. 496, 518-519, 713 A.2d 442 (1998) (concurring opinion), courts are neither "impotent to correct their past errors ... nor require[d] to adhere blindly to rules that have lost their reason for being." In Glassboro, we considered whether N.J.S.A. 11:26C-4, the predecessor to N.J.S.A. 11A:6-10, limited the number of delegates permitted to attend the State PBA convention, and if the statute placed no limits, did it constitute an unlawful delegation of authority to the PBA to determine the number of delegates entitled to paid convention leave. Glassboro glossed over the provision requiring paid convention leave to every person who is a duly authorized representative of the organizations named in the statute. It stated only that "[i]f the organizational precepts of the particular association call for two or more delegates, every person who is an authorized delegate qualifies for the privileges granted by the statute." Id. at 258, 373 A.2d 698. Regarding the improper delegation question Glassboro said:
The argument is advanced that such an interpretation of the legislative mandate delegates the power of the municipal authority to the state association and its internal regulations. Such an argument is without foundation. The statute does not delegate to the association the power to grant the leave of absence in interference with the municipality's managerial functions. It merely dictates the duty of the municipality, albeit the number of delegates may be indirectly controlled by the rules of the state association.
Nevertheless, if the Legislature, with assumed knowledge of the impact of its enactments, adopts such a law, it is beyond the power of the courts to engraft a limitation not contained in the language of the statute. Presumptively, the Legislature relied upon the good sense and good faith of the respective associations to provide for such local representation at conventions which will not interfere with the functioning of the local police or fire departments.

[Ibid.]
Glassboro left open the question of "whether an arbitrary or capricious application of the statute so as to interfere with the protection of the public by decimating the police or fire personnel on duty during the period of a convention is subject to judicial review." Id. at 259, 373 A.2d 698.
Regional maintains that Glassboro only addressed the question of an improper delegation of municipal, rather than legislative, authority. However, the argument in Glassboro is nearly identical to that at issue here. The public employer in Glassboro argued that the statute gave the PBA unlimited power to determine the number of delegates entitled to leave.[11] Regional makes the same argument with respect to the FMBA.
In light of Regional's argument and our reexamination of the reasoning in Glassboro, we conclude that the result in Glassboro on that issue was erroneous and decline to follow it.
*52 Analysis of an improper delegation claim requires a determination that the Legislature has in fact delegated authority and that the delegation is "narrowly limited, reasonable, and surrounded with stringent safeguards to protect against the possibility of arbitrary or self-serving action detrimental to third parties or the public good generally." Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd. of Educ., 78 N.J. 144, 164, 393 A.2d 278 (1978).
As noted, Glassboro concluded that the delegation argument failed because the legislation only mandated that a municipality grant paid convention leave for authorized representatives, and it construed the statute as not delegating to any private association the power to grant convention leave. The Glassboro court said there was no delegation of authority, despite its recognition that "the number of delegates may be indirectly controlled by the rules of the state association." Glassboro, supra (149 N.J.Super. at 258, 373 A.2d 698). This appears to be a distinction without a real difference.
While there was no delegation of the actual power to grant convention leave, it seems clear that N.J.S.A. 11A:6-10 (formerly N.J.S.A. 11:26C-4), actually delegates to private organizations the power and authority to determine how many delegates (as contrasted with who are delegates) a fire department must allow paid convention leave. Because the statutes mandate such paid convention leave (including the length of the convention) to all authorized representatives, the Legislature has delegated a considerable amount of power to organizations such as the FMBA, who, through their own rules and by-laws, may provide for as many delegates as they wish by establishing the number of members who are authorized without regard to staffing and manning requirements of the public employer. Thus, local and regional fire departments, such as Regional, have no apparent recourse under the statutes to assert managerial prerogatives or to object to the number of delegates or the number and length of conventions authorized by the FMBA.
All delegation of authority is not per se unconstitutional. Male v. Ernest Renda Contracting Co., 64 N.J. 199, 201, 314 A.2d 361 (1974). The Legislature may reasonably conclude that the FMBA is in a better position to establish the qualifications of an authorized representative to serve as a delegate. The problem, however, is that the power the Legislature has delegated to non-governmental entities is not defined by standards. Glassboro noted that "the Legislature relied upon the good sense and good faith of the respective associations to provide for such local representation at conventions which will not interfere with the functioning of the local fire and police departments." Glassboro, supra (149 N.J.Super. at 258, 373 A.2d 698). Except as to delegate designations or qualifications (the particular person and criteria required by the union such as length of service and experience), such reliance is improper in the absence of adequate safeguards and standards in the statute as to numbers, times and circumstances.
Courts are often called upon to determine whether adequate safeguards exist to guide the exercise of delegated power. In such circumstances, courts will look beyond the delegating statute to the surrounding statutory scheme to find such standards. See Avant v. Clifford, 67 N.J. 496, 547-548, 341 A.2d 629 (1975) (finding various statutes created "a whole spectrum of purposes, standards, guidelines and goals for imprisonment and corrections" sufficient to provide adequate standards *53 for statutory delegation of authority to Commissioner of the Department of Institutions and Agencies to promulgate rules and regulations pertaining to administration of state correctional institutions); Szabo v. N.J. State Firemen's Ass'n, 230 N.J.Super. 265, 286, 553 A.2d 371 (Ch.Div.1988). Moreover, general standards are permissible "as long as they are as precise and revealing as the subject reasonably permits." Worthington v. Fauver, 88 N.J. 183, 208-209, 440 A.2d 1128 (1982); accord Burton v. Sills, 53 N.J. 86, 248 A.2d 521 (1968), appeal dismissed, 394 U.S. 812, 89 S.Ct. 1486, 22 L.Ed.2d 748 (1969) (upholding New Jersey Gun Control Law, N.J.S.A. 2A:151-1 et seq., delegating to Superintendent of Police the power to establish standards and qualifications for licensing sellers of firearms guided only by the requirement that the standards and qualifications serve the "public safety, health and welfare"). However, where the "[t]he regulation at issue provides no standard[s] at all[,]" our courts have not hesitated to invalidate such enactments. N.J. Dept. of Transp. v. Brzoska, 139 N.J.Super. 510, 513, 354 A.2d 650 (App.Div.1976) (finding that regulation requiring flight instructor to get permission from the airport owner to obtain a fixed base operator's license for that airport improperly delegated authority to airport owner to grant or deny license without standards for the exercise of such discretion); accord Group Health Ins. of N.J. v. Howell, 40 N.J. 436, 445, 193 A.2d 103 (1963).
Here, the Legislature has failed to provide adequate standards and safeguards to guide the public employer and the FMBA and other organizations in the exercise of their discretion to determine the number of delegates to which the local fire departments must provide convention leave. Of course, this matter might be dealt with by collective negotiation, subject to the inherent managerial prerogative of the public employer.
Considering the panoply of organizations covered under the current statutes, the problem is more acute now than when Glassboro was decided. For instance, as to the situation regarding Regional, we are advised that the FMBA conventions here are held twice a year and last about three to four days. Under the current statutes, it is conceivable that organizations' conventions could overlap, leaving departments understaffed, thus interfering with their public safety and managerial functions and adversely affecting the important public services they provide. In short, we decline to follow Glassboro on the unconstitutional delegation issue and conclude that N.J.S.A. 11A:6-10 and 40A:14-177 constitute an unconstitutional delegation of legislative authority to the FMBA, a non-governmental entity, without adequate safeguards.

VI.
In connection with the special legislation issue plaintiffs suggest that rather than striking the entire statutes, we should engage in "judicial surgery" to create a more narrow construction of the statutes sufficient to survive constitutional scrutiny, by voiding subsequent amendments providing convention leave to certain ethnically oriented fraternal organizations.
It is a well established principle of constitutional law, codified in N.J.S.A. 1:1-10, that under certain circumstances a provision deemed unconstitutional may be severed from the remainder of the statute rather than requiring the entire statute to fall. See Communications Workers of America v. Florio, 130 N.J. 439, 465, 617 A.2d 223 (1992); Right to Choose v. Byrne, 91 N.J. 287, 311, 450 A.2d 925 (1982); N.J. Chamber of Commerce v. N.J. Elec. Law Enforcement *54 Comm'n, 82 N.J. 57, 75, 411 A.2d 168 (1980). But, such judicial surgery "is to be applied with caution and attention to the legislative intent." Communications Workers of America v. Florio, 130 N.J. 439, 465, 617 A.2d 223 (1992). While the judicial surgery approach may have merit with respect to the special legislation challenge, the improper delegation is a constitutional infirmity which cannot be remedied by judicial surgery and thus, the statutes are unconstitutional in their entirety.
In light of our decision we leave for another day the issue of whether authorizing paid leave to convention delegates confers an unconstitutional benefit on the labor unions in violation of N.J. Const., Article VIII, § 3, ¶ 3.
Affirmed.
NOTES
[1] The fire departments of five municipalities (Weehawken, Union City, North Bergen, West New York, and Guttenberg) were consolidated and commenced operations as North Hudson Regional Fire and Rescue on January 10, 1999. The consolidated unit provides regional fire services to those five municipalities in accordance with the Consolidated Municipal Service Act, N.J.S.A. 40:48B-1 et seq.
[2] N.J.S.A. 11A:6-10 currently provides:

A leave of absence with pay shall be given to every employee who is a duly authorized representative of the New Jersey Patrolmen's Benevolent Association, Inc., Fraternal Order of Police, Firemen's Mutual Benevolent Association, Inc., the Fire Fighters Association of New Jersey, the New Jersey Law Enforcement Supervisors Association, the New Jersey Superior Officers Law Enforcement Association, the New Jersey Superior Officers Law Enforcement Association-Captains Unit, the International Association of Women Police or the New Jersey State Association of Chiefs of Police, or to any corrections officer who is a member of the Italian American Police Society of New Jersey to attend any State or national convention of the organization. The leave of absence shall be for a period inclusive of the duration of the convention with a reasonable time allowed for travel to and from the convention. A certificate of attendance at the convention shall, upon request, be submitted by the representative so attending.
N.J.S.A. 40A:14-177 provides:
The heads of the county offices of the several counties and the head of every department, bureau and office in the government of the various municipalities shall give a leave of absence with pay to every person in the service of the county or municipality who is a duly authorized representative of the New Jersey State Patrolmen's Benevolent Association, Inc., Fraternal Order of Police, American Federation of Police Officers, Inc., Bronze Shields, Inc., Batons, Vulcan Pioneers, a member organization of the New Jersey Council of Charter Members of the National Black Police Association, Inc., Firemen's Mutual Benevolent Association, Inc., the Uniformed Firemen's Association, or the New Jersey State Association of Chiefs of Police, to attend any State or national convention of such organization.
A certificate of attendance to the State convention shall, upon request, be submitted by the representative so attending.
Leave of absence shall be for a period inclusive of the duration of the convention with a reasonable time allowed for time to travel to and from the convention.
[3] NHFA filed an Amendment of Certification Petition with PERC to affiliate themselves with the IAFF, FMBA, and PFANJ. Plaintiffs assert that in October of 1999, the NHFA became a charter member of the FMBA.
[4] The State FMBA constitution and by-laws provide that "All Locals with a membership of twenty-five (25) or less members shall have three (3) delegates plus one (1) Executive Delegate at the Convention. A Local with a membership of twenty-six (26) or more shall allow one (1) additional Delegate for each twenty-five (25) members or part thereof for the convention." Apparently, locals with twenty-five or more count an additional delegate for the first twenty-five, so that a twenty-six member local would have five delegates.

When the convention leave requests were made according to the FMBA constitution and bylaws Union City Local No. 12 had seventy-two members and was entitled to six delegates; Weehawken Local No. 26 had forty-four members and was entitled to five delegates; and West New York FMBA Local No. 15 had thirty-one members and was also entitled to five delegates.
[5] This decision was consistent with an earlier decision by Regional to provide convention leave to only two attendees of an IAFF convention.
[6] N.J. Const., Art. VIII, § 3, ¶ 3 provides:

No donation of land or appropriation of money shall be made by the State or any county or municipal corporation to or for the use of any society, association, or corporation whatever.
See In re Voorhees' Estate, 123 N.J. Eq. 142, 147, 196 A. 365 (N.J. Prerog. Ct. 1938) (provisions are general and all-comprehensive and not directed solely against a legislative "appropriation" of money) aff'd sub nom. Union County Trust Co. v. Martin, 121 N.J.L. 594, 3 A.2d 891 (N.J. Sup.Ct. 1939), aff'd, 124 N.J.L. 35, 10 A.2d 650 (E & A 1940).
[7] Although given notice, the Attorney General did not participate in this matter with respect to the constitutional challenge. See R. 4:28-4 and R. 2:5-1(h).
[8] The statute appears to place no limit on the time and frequency of the conventions or the number of delegates.
[9] Another potential problem is that the State Constitution generally precludes gifts of public money or property to private entities. See N.J. Const., Art. VIII, § 3, ¶3. Camden v. Dicks, 135 N.J.Super. 559, 343 A.2d 808 (Law Div.1975) (payment for unused sick leave), was represented at oral argument to hold that paid leave is not a gift. It does not so hold.
[10] We reserve judgment as to whether the Legislature may confer such a benefit to any private fraternal organization without constituting an illegal gift pursuant to N.J. Const., Art. VIII, § 3, ¶3.
[11] We also note that the statutes under consideration predate the recent constitutional amendment commonly referred to as "state mandate, state pay," which generally requires state payment for expenses mandated in laws and regulations adopted after July 1, 1996. See N.J. Const., Art. VIII, § 5, ¶ 2.