118 N.J. Super. 583 (1972)
289 A.2d 537
ESSEX COUNCIL NUMBER 1, NEW JERSEY CIVIL SERVICE ASSOCIATION, INC., A CORPORATION OF NEW JERSEY, ET AL., PLAINTIFFS-RESPONDENTS,
v.
KENNETH A. GIBSON, MAYOR OF THE CITY OF NEWARK, NEW JERSEY, AND CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 27, 1972.
Decided April 4, 1972.
*584 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. W. William Hodes, Assistant Corporation Counsel, argued the cause for appellants (Mr. William H. Walls, Corporation Counsel and attorney).
*585 Mr. Martin S. Fox argued the cause for respondents (Messrs. Fox and Fox, attorneys).
PER CURIAM.
The mayor of Newark endeavored by executive order to increase the work hours per week of a number of classified civil service employees to accord with the hours worked by other city employees, without a concomitant salary adjustment. On plaintiffs' application by complaint in lieu of prerogative writs the trial judge agreed with plaintiffs' contention that such action constituted a reduction offensive to the provisions of N.J.S.A. 11:22-38. 114 N.J. Super. 576 (Law Div. 1971). He enjoined enforcement of the order. The essential facts are not in dispute and appear in the opinion below.
Defendants on this appeal suggest a conflict between the civil service statutes and the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 et seq. We see no such conflict, at least in the circumstances of this case. The latter statutes provide with abundant clarity that "Nothing herein shall be construed to deny to any individual employee his rights under Civil Service laws or regulations * * *" N.J.S.A. 34:13A-5.3. Its procedures are available on voluntary invocation by parties affected and are not exclusive of civil service jurisdiction. Moreover, we reject defendants' contention that the civil service appellate remedy is available only to single individuals and not to groups of employees similarly affected.
We are of the view, however, that despite an inclination to regard an increase in hours as a dilution of compensation to the extent that the employees affected are no longer "receiving the same pay for the job," as the trial judge held, and to find that such constituted a "reduction" repugnant to N.J.S.A. 11:22-38 as defined in Scancarella v. Dept. of Civil Service, 24 N.J. Super. 65, 69 (App. Div. 1952), such a determination should not be made in the first instance by a trial court if the expertise of an administrative agency is available.
*586 We recognize that failure to exhaust administrative remedies is neither jurisdictional nor absolute, Durgin v. Brown, 37 N.J. 189, 202 (1962), and that when the issue to be decided is one said to be solely of law, the ordinary rule (R. 4:69-5) is not applicable, Matawan v. Monmouth Cty. Tax Bd., 51 N.J. 291, 296 (1968). Nonetheless, in this matter of first impression in New Jersey, concerning a substantial issue of public concern, we are of the opinion that administrative remedies should be exhausted before a determination of law is reached. To the extent that the judge below rejected the available "agency expertise, policy, discretion or judgment" on a basis of lack of "necessity," we believe he erred. In arriving at this conclusion we have given controlling consideration to guidelines expressed in Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 141 (1962). Not only can we not say, as there mandated, that "the interests of justice dictate the extraordinary course of bypassing the administrative remedies made available by the Legislature," but we hold to the view that such a shortcut would here militate against a sound determination, and therefore quite possibly against the interests of justice.
Accordingly, we reverse and remand to the Civil Service Commission for a prompt hearing. Until a determination there or further order of the Commission on proper application and notice, a temporary restraint against enforcement of the order shall obtain. We do not retain jurisdiction. No costs.