200 N.J. Super. 281 (1984)
491 A.2d 66
ROBERT COLLINS & SOUTHERN NEW JERSEY NEWSPAPERS, PLAINTIFFS,
v.
CAMDEN COUNTY DEPARTMENT OF HEALTH AND JOSEPH J. SUROWIEC, JR., DEFENDANTS.
Superior Court of New Jersey, Law Division Camden County.
Decided March 28, 1984.
*283 Lisa Longmire for plaintiffs (Archer & Greiner, attorneys).
Howard L. Goldberg (Camden County Counsel) for defendants.
DIMARTINO, A.J.S.C.
This matter is before the court on cross motions for summary judgment. The plaintiffs are Robert Collins, a reporter, and Southern New Jersey Newspapers, Inc. Defendants in this action are the Camden County Dept. of Health and the public health coordinator, Joseph Surowiec, Jr.
Plaintiffs' complaint in lieu of prerogatives writs seeks an order, pursuant to N.J.S.A. 47:1A-1 et seq. (The Right to Know Law), directing defendant, Dept. of Health to permit plaintiffs to inspect and copy personnel screening committee evaluations of candidates for a position as Director of Health Education Services.
The parties concede and the court is satisfied upon examination of the briefs and the affidavits on file that there exists no genuine dispute as to any material fact. This case is, therefore, ripe for summary judgment. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
In September 1983 an ad hoc committee was formed at the request of defendant Surowiec to review resumes and interview candidates for the position of Director of Health Education Services for the Camden County Department of Health. The individual selected was to be approved provisionally by the *284 Camden County Board of Chosen Freeholders until the State Dept. of Civil Service authorized a permanent appointment.
The ad hoc screening committee prepared an evaluation of each individual interviewed. Candidates were rated on subjective criteria including general appearance, poise, speaking skills, and apparent ability to assume the responsibilities of the position.
After the evaluative process but prior to an appointment of any individual to the position, plaintiff attempted to obtain copies of the screening committee's evaluative reports. Plaintiff Collins was denied access to that material. The defendants do not dispute the existence of the evaluative material, nor the fact that plaintiffs requested and were refused access to that material.
These motions require the court to determine whether evaluative reports concerning job applicants produced by an ad hoc personnel screening committee is a public record under the Right to Know Law. If such material is a public record, the court must next determine whether access to these reports, nevertheless would be barred pursuant to an Executive Order of the Governor.
Having reviewed the parties' contentions and the applicable law, for reasons hereinafter stated, this court finds that the evaluative reports are not public records within the statutory definition. Further, even if the reports were regarded as public records their disclosure would be prohibited by Executive Order of the Governor. Summary judgment is, therefore, granted to defendants and plaintiffs' motion for summary judgment is denied.
The Right to Know Law, N.J.S.A. 47:1A-2, defines a "public record" as:
... all records which are required by law to be made, maintained or kept on file by any board, body, agency, department, commission or official of the State or of any political subdivision thereof ..., or by any official acting for or on behalf thereof. .. . [Emphasis supplied.]
*285 Any document that is not required by law to be made, maintained or kept on file is outside the purview of the Right to Know Law. The courts have strictly construed the requirement to make and keep documents.
In In re Toth, 175 N.J. Super. 254 (App.Div. 1980), the court held that character and background reports on the chairman of the Casino Control Commission were not public records. Despite a statute which clearly required an inquiry into the nominee's background, the court determined that since a written record was not required, such a report is not a public record by law.
A similar investigative report was at issue in the case of Nero v. Hyland, 76 N.J. 213 (1978). There, a prospective appointee to the N.J. Lottery Commission sought access to the investigative report made at the behest of the Governor. The Governor indicated during a news conference that the plaintiff would not be appointed due to concern over information which the investigation revealed.
The Supreme Court noted that the statutory definition of "public records" is unambiguous, and consequently held that the reports in question were not required by law to be made, maintained or kept on file.
The courts have clearly stated that a written report must be specifically required by law to be made in order to be characterized as a public record subject to disclosure.
In the instant case, the plaintiffs reply on N.J.S.A. 26:3A2-6 and N.J.A.C. 8:51-1.2(a) as support for their position that the report was required by law to be made. Plaintiffs' position is tenuous.
N.J.S.A. 26:3A2-6 requires the County Dept. of Health to meet the "standards of performance" prescribed by the Public Health Council of New Jersey, State Dept. of Health.
Pursuant to its authority under N.J.S.A. 26:3A2-10, the Public Health Council promulgated the following regulations which *286 the plaintiffs contend, require local Board of Health to keep records of all official actions of the Board:

N.J.A.C. 8:51-1.2(a) provides:
Secretary means every Local Board of Health shall appoint a secretary who shall keep accurate records of all official actions of said Board. ... [Emphasis supplied.]
The regulations upon which plaintiffs rely are not nearly of the degree of specificity required by Toth and Nero. N.J.A.C. 8:51-1.2(a) does not specifically require evaluations of employee candidates nor are written evaluative reports even referred to in the quoted section of the statute.
It is not sufficient to say that the screening reports were prepared as an "official action" of the Camden County Dept. of Health and, therefore, required to be accurately recorded. The cases of Nero and Toth mandate a higher degree of specificity to deem records required by law to be made.
In light of the Toth and Nero decisions, a determination that the creation of these reports is required by law would stretch the law beyond reasonable interpretation. A regulation requiring the Board to "keep accurate records of all official actions of said Boards" does not specifically require written records of applicant evaluations to be made, maintained or kept on file.
The issue of the definition of "Public records" poses no unresolved issue of fact. Accordingly this court finds  as a matter of law  that the reports in question are not "public records".
Even if the evaluative reports were to be regarded as public records within the foregoing definitions, the effect of two Executive Orders is to prohibit disclosure. Executive Order No. 9 provides:
3(b) The following records shall not be deemed to be public records subject to inspection and examination and available for copying pursuant to the provisions of Chapter 73, P.L. 1963:
(a) Questions on examinations required to be conducted by any State or local governmental agency;

*287 (b) Personnel and pension records which are required to be made, maintained or kept by any State or local governmental agency; ... [Executive Order No. 9 (Oct. 1, 1963).]
The reason for this exception, as set forth in Executive Order No. 9, was the need to balance the right of the public to know against the risk of unintentional harm or injustice to individuals that might be occasioned by the indiscriminate exposure of certain records containing data of a sensitive or personal nature.
The scope of Executive Order No. 9 was subsequently limited by Executive Order No. 11, which permits disclosure of certain information as follows:
1. Section 3(b) of Executive Order No. 9 of Governor Richard J. Hughes is recinded and any regulations adopted and promulgated thereunder shall be null and void.
2. Except as otherwise provided by law or when essential to the performance of official duties or when authorized by a person in interest, an instrumentality of government shall not disclose to anyone other than a person duly authorized by this State or the United States to inspect such information in connection with his official duties, personnel or pension records of an individual except that the following shall be public:
a. An individual's name, title, position, salary, payroll record, length of service in the instrumentality of government and in the government, date of separation from government service and the reason therefor; and the amount and type of pension he is receiving; ... [Executive Order No. 11 (Nov. 15, 1974).]
Both Executive Orders acknowledge the private nature of material contained in personnel files. Executive Order No. 11 intended only to release such insignificant data which would not invade a person's legitimate right to privacy.
The screening committee's report in this case consists of evaluative ratings of each candidate along with completed interview forms with the interviewers' comments concerning each candidate. Plaintiffs have asserted that the information sought is not sensitive or personal in nature, rather, plaintiff seeks the names and "objective qualifications" of each candidate and the committee's recommendation regarding its choice for appointment of one of the candidates.
*288 Personnel records, however, are not subject to disclosure unless covered by one of the exceptions contained in Executive Order No. 11. Disclosure of this evaluative personnel material would be a significant invasion of privacy and, therefore, not intended to be disclosed by Executive Order No. 11. Accordingly, summary judgment is granted in favor of defendants Surowiec and Camden County Dept. of Health. Plaintiffs' motion for summary judgment is denied.
Additional issues raised by the parties need not be resolved by the court in light of the definitive application of the law to the preceding issues.
Counsel for the defendants may submit an appropriate Order pursuant to R. 4:42-1.