284 N.J. Super. 427 (1995)
665 A.2d 776
RIDGEWOOD EDUCATION ASSOCIATION, ELAINE HIGGINS AND ANN HOVAN, PETITIONERS-APPELLANTS,
v.
RIDGEWOOD BOARD OF EDUCATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 22, 1995.
Decided October 16, 1995.
*428 Before Judges BAIME, KESTIN and ARIEL A. RODRIGUEZ.
Bucceri & Pincus, attorneys for appellants (Gregory T. Syrek, of counsel and on the brief).
*429 Sills Cummis Zuckerman Radin Tischman Epstein & Gross, attorneys for respondent (Mark J. Blunda, of counsel and, with Derlys Marie Gutierrez, on the brief).
Deborah T. Poritz, Attorney General, attorney for the State Board of Education (David Earle Powers, Deputy Attorney General, on the statement in lieu of brief).
The opinion of the court was delivered by KESTIN, J.A.D.
Petitioners sought a declaration from the Commissioner of Education (Commissioner) that a policy adopted by the Ridgewood Board of Education (Board) limiting employment of supplemental teachers to two consecutive years was arbitrary, capricious and unreasonable. The matter was transmitted to the Office of Administrative Law as a contested case, N.J.S.A. 52:14B-10(c), and was heard on stipulated facts and written arguments. The administrative law judge found that the Ridgewood Education Association (REA) was "the exclusive representative for collective negotiations for part-time supplemental teachers employed by the Board" and that petitioners Higgins and Hovan were "tenured part-time supplemental teachers employed by the Board and also are residents and taxpayers of Ridgewood...." The judge also determined that the challenged policy applied "to those employees hired after February 24, 1992, the date the policy was adopted", and that there was "no current employee or member of the Association whose employment status [was] currently affected by the implementation of the policy."[1]
*430 Based on these findings, the administrative law judge held that, although the issue of the validity of the policy was ripe for adjudication, the petitioning parties lacked standing to challenge it. The REA was seen to lack standing because none of its current members was affected by the policy. The individual petitioners were held to lack standing as persons directly affected by the policy because they had acquired tenure as part-time supplemental teachers and thus would be unaffected. They were also seen to lack standing as residents and taxpayers for want of even "slight additional private interest.... in the absence of showing that the matter impacts the public interest." Among the authorities cited in support of the latter view, the administrative law judge referred to a series of school law decisions in which the Commissioner had held that taxpayers lacking some additional interest did not have adequate standing to challenge the personnel decisions of school boards. The administrative law judge viewed this matter as one involving issues relating to personnel.
Because all petitioners were held to lack standing, the matter was dismissed without a decision on the merits. The administrative law judge's findings and determinations were adopted by the Commissioner as the final decision in the matter. The State Board of Education affirmed for the reasons expressed in the final decision. Petitioners appeal. We reverse.
Personnel decisions affecting particular individuals are heavily impacted with privacy considerations and other personal interests of significance. They are, therefore, sometimes treated as unique in the balance with considerations of public interest. See, e.g., Collins v. Camden County Health Dep't, 200 N.J. Super. 281, 288, 491 A.2d 66 (Law Div. 1984). We do not here address the Commissioner's established policy that taxpayers be required to show some additional special interest before being permitted to challenge such personnel decisions. We do not view a challenge to a statute, ordinance, regulation or policy that affects employment rights in general to be of the same ilk, however. Where the challenge is to an exercise of legislative or quasi-legislative power, *431 the public interest is necessarily involved and a different standard applies.
The provision of New Jersey's Administrative Procedure Act permitting "any interested person" to challenge the applicability of any statute or rule enforced or administered by an agency, N.J.S.A. 52:14B-8,[2] is based upon a venerable tradition of liberal application of standing criteria, Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 101, 107-11, 275 A.2d 433 (1971), particularly in taxpayer suits and the like, see Bell v. Stafford Tp., 110 N.J. 384, 390-91, 541 A.2d 692 (1988); Walker v. Stanhope, 23 N.J. 657, 130 A.2d 372 (1957), in furtherance of the principles embodied in the Declaratory Judgments Act, N.J.S.A. 2A:16-50, -53, especially as regards exercises of legislative or quasi-legislative authority, New Jersey Turnpike Auth. v. Parsons, 3 N.J. 235, 239-41, 69 A.2d 875 (1949). An important function of standing rules and other justiciability norms is to protect against the issuance of advisory decisions. Bell, supra, 110 N.J. at 391, 541 A.2d 692; Parsons, supra, 3 N.J. at 240, 69 A.2d 875. The norms are not to be applied in a wooden fashion to *432 preclude "expeditious relief from uncertainty with respect to rights when claims are in genuine conflict." Bell, supra, 110 N.J. at 391, 541 A.2d 692.
In holding that the REA lacked standing to challenge the Board's policy, the Commissioner erred in the test applied to associations representing defined interests. It was incorrect to view the REA as lacking standing on the ground that no current employee of the Board and none of REA's present members were affected by the implementation of the policy. Only "[a] substantial likelihood of some harm visited upon the plaintiff in the event of an unfavorable decision is needed for the purposes of standing." New Jersey State Chamber of Commerce v. New Jersey Election Law Enforcement Comm'n, 82 N.J. 57, 67, 411 A.2d 168 (1980). Where a plaintiff association "would have an obvious, albeit indirect, interest in the effect upon others of statutory and administrative regulations," id. at 68, 411 A.2d 168, requirements for standing are met. The REA's relationship to the Board policy under attack "is not that of [a] total stranger[] or casual interloper[]." Ibid. That association's interest in protecting the employment status of prospective members who, when appointed as part-time supplemental teachers, would, under the adopted policy, be denied an opportunity to acquire tenure, is an adequate basis for according it representational standing in a suit challenging the validity of the policy.
The Commissioner's view of Higgins's and Hovan's standing was likewise too stinting. See Haines v. Burlington County Bridge Comm'n, 1 N.J. Super. 163, 171-72, 63 A.2d 284 (App.Div. 1949), aff'd sub. nom. Driscoll v. Burlington-Bristol Co., 8 N.J. 433, 86 A.2d 201, cert. denied, 344 U.S. 838, 73 S.Ct. 25, 97 L.Ed. 652 (1952). To the extent their status as residents and taxpayers of the school district was not itself an adequate basis for according standing  a proposition of questionable validity, see Kozesnik v. Montgomery Tp., 24 N.J. 154, 177-78, 131 A.2d 1 (1957)  Higgins and Hovan, by reason of their professional status and involvement, must be seen as having satisfied any additional *433 requirement that may exist for a "slight private interest, added to and harmonizing with the general public interest," Hudson Bergen County Retail Liquor Stores Ass'n v. Board of Comm'rs, City of Hoboken, 135 N.J.L. 502, 510, 52 A.2d 668 (E. & A. 1947), in order for their standing to be recognized. Elizabeth Federal Sav. & Loan Ass'n v. Howell, 24 N.J. 488, 499-500, 132 A.2d 779 (1957). We see no reason why this State's historic liberal approaches to the issue of standing in general, see Crescent Pk., supra, 58 N.J. at 101, 275 A.2d 433, should not apply to taxpayer suits challenging the quasi-legislative actions of local boards of education. Silverman v. Board of Ed., Tp. of Millburn, 134 N.J. Super. 253, 257-58, 339 A.2d 233 (Law Div.), aff'd o.b. 136 N.J. Super. 435, 346 A.2d 611 (App.Div. 1975).
The official actions of boards of education are identical in the public interest sense to those of local governing bodies. See ibid. Although the route of review is different by reason of N.J.S.A. 18A:6-9 and 52:14B-8, the principles of standing governing facial challenges to official conduct are the same in either context.
Reversed and remanded for further proceedings on the merits.
NOTES
[1] In exceptions to the administrative law judge's initial decision, petitioners asserted that this finding was not supported by the record, more specifically that there was no evidence whether any part-time supplemental teachers had been hired after the effective date of the challenged policy. The Commissioner held that the Board had made such an assertion which, having gone unchallenged by petitioners, was deemed to have been established. We do not address the validity of this determination.
[2] In general, declaratory rulings "with respect to the applicability to any person, property or state of facts of any ... rule enforced or administered by [a State] agency" are to be sought from that agency. N.J.S.A. 52:14B-8. "[R]eview[s of] the validity of any rule promulgated by [a State] agency or officer" are generally within the jurisdiction of the Appellate Division. R. 2:2-3(a)(2). All reviews of quasi-legislative acts of local agencies, whether framed as challenges to the facial validity of such acts or to their validity as applied are properly sought in the Law Division pursuant to Rule 4:69 (actions in lieu of prerogative writs).

The quasi-legislative acts of local and regional boards of education are, however, generally subject to the jurisdiction of the Commissioner "to hear and determine ... all controversies and disputes arising under the school laws...." N.J.S.A. 18A:6-9; Abbott v. Burke, 100 N.J. 269, 301, 495 A.2d 376 (1985); Hinfey v. Matawan Reg. Bd. of Ed., 77 N.J. 514, 525, 391 A.2d 899 (1978); Theodore v. Dover Bd. of Ed., 183 N.J. Super. 407, 412-13, 444 A.2d 60 (App.Div. 1982). Thus, procedurally, challenges to the facial validity of school board policies or to their validity as applied more closely resemble proceedings brought under N.J.S.A. 52:14B-8 than any other provision for declaratory relief in respect of quasi-legislative acts.