966 A.2d 495 (2009)
406 N.J. Super. 63
Edwin ORTIZ, Appellant,
v.
NEW JERSEY DEPARTMENT OF CORRECTIONS, Respondent.
No. A-2394-07T1.
Superior Court of New Jersey, Appellate Division.
Submitted February 24, 2009.
Decided March 20, 2009.
*496 Edwin Ortiz, appellant pro se.
Anne Milgram, Attorney General, attorney for respondent (Melissa H. Raksa, Deputy Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).
Before Judges SKILLMAN, GRAVES and GRALL.
The opinion of the court was delivered by GRALL, J.A.D.
Edwin Ortiz is an inmate currently incarcerated at Northern State Prison and serving a thirty-year sentence for murder imposed in December 1987. He has been identified as a member of a Security Threat Group (STG), the Latin Kings. See N.J.A.C. 10A:5-1.3; N.J.A.C. 10A:5-6.5. Denying his membership in the Latin Kings, Ortiz invoked the Department of Corrections' inmate-remedy system, N.J.A.C. 10A:1-4.1 to -4.9, to obtain an explanation for his identification as a member and correction of his institutional record. Because Ortiz did not file an administrative appeal as authorized by N.J.A.C. 10A:1-4.6 and, therefore, did not exhaust his administrative remedies, we dismiss the appeal.
Department regulations provide necessary context for our decision. A STG is an inmate group designated as such by the Commissioner on the ground that the group poses a threat to persons, property, the community or the orderly operation of a correctional facility. N.J.A.C. 10A:1-2.2; N.J.A.C. 10A:5-1.3; N.J.A.C. 10A:5-6.5(a). The Department prohibits the organization and operation of STGs and specified STG activities. N.J.A.C. 10A:5-6.2(a)-(c); see N.J.A.C. 10A:5-1.3 (defining STG activities). When there is "[e]vidence or information indicative of [STG] organization, operation or involvement in [STG] activity(ies)" disciplinary action is initiated and "a finding of guilt ... subject[s] the inmate to appropriate disciplinary sanctions." N.J.A.C. 10A:5-6.2(d); see N.J.A.C. 10A:4-4.1 (prohibited act *.010 forbids "participating in an activity(ies) related to a" STG and prohibited act *.011 forbids "possession or exhibition of anything related to a" STG).
The Intelligence Section of the Special Investigations Division (SID), is "authorized to identify inmates as [STG] members." N.J.A.C. 10A:6-5.5(b). Beyond requiring "reasonably sufficient evidence and information" to support an inmate's identification as a "member" of a STG, the Department's regulations provide no criteria for identification of STG members. Ibid.; N.J.A.C. 10A:5-1.3.
The Department has established Security Threat Group Management Units (STGMU), which are special housing units for "core" members of a STG. A "core member" is a member of a STG "whose documented [STG] activity(ies) or behavior as a ... member or leader poses a threat" to safety, property or "the safe, secure and orderly operation of the correctional facility(ies)." Ibid. An inmate confined in a STGMU "loses reduced custody status and remains in maximum custody until successfully completing a three-phase behavior modification and education program." Hetsberger v. Dep't of Corr., 395 N.J.Super. *497 548, 552, 929 A.2d 1139 (App.Div.2007) (internal quotations omitted).
The process for confinement in a STGMU is initiated by SID, which recommends placement. N.J.A.C. 10A:5-6.6(a). On receipt of SID's recommendation, the Administrator or his or her designee determines whether "there is reason to believe that there is evidence and/or information that the inmate is a member of a" STG. N.J.A.C. 10A:5-6.7(a). If adequate reason is found, the inmate is removed from the general population and placed on "Prehearing [STGMU] Status." Ibid.; N.J.A.C. 10A:5-1.3. The inmate is given notice and a hearing before the STGMU Hearing Committee. N.J.A.C. 10A:5-6.9. If the hearing committee "determine[s] that reasonably sufficient information or evidence exists that the inmate is a core member of a" STG, the inmate is confined in the STGMU. N.J.A.C. 10A:5-6.9(l). The inmate has a right to appeal to the Administrator from the hearing committee's determination. N.J.A.C. 10A:5-6.11.
An inmate identified as a member of a STG but not recommended for placement in the STGMU may invoke the inmate-remedy system to question that identification.[1] Through the inmate-remedy system "inmates may formally communicate with correctional facility staff to request information from, and present issues, concerns, complaints or problems to the correctional facility staff." N.J.A.C. 10A:1-4.1(a)1. The inmate initiates the process by filing a "Routine Inmate Request" or an "Interview Request." N.J.A.C. 10A:1-4.5. The system "includes an `Administrative Appeal' through which inmates are encouraged to formally appeal to the Administrator or designee [from] the decision or finding rendered by correctional facility staff in regard to the `Routine Inmate Request' or `Interview Request.'" N.J.A.C. 10A:1-4.1. The decision or finding on the administrative appeal is the final decision or finding of the Department. N.J.A.C. 10A:1-4.6(d). An inmate may appeal to this court from such a final decision. R. 2:2-3(a)(2).
Ortiz filed an interview request on August 9, 2007. The Department did not deny the requested relief until December 26, 2007, and Ortiz did not file an administrative appeal from that determination.
Ortiz was sentenced on December 24, 1987. SID identified Ortiz as member of a STG, the Latin Kings, on May 14, 1997, when he was confined at East Jersey State Prison. A "Security Threat Group Member Validation Form" prepared by SID indicates two grounds for his identification as a member of the Latin Kingsself-admission and correspondence from other inmates or outside contacts.[2] The correspondence referenced is addressed to, not written by, Ortiz.
In August 1997, Ortiz was transferred from East Jersey State Prison to New Jersey State Prison. Believing that his transfer was precipitated by his misidentification as a member of the Latin Kings, *498 Ortiz wrote to the Assistant Commissioner, and in September 1997 the Director of the Department's Division of Operations informed Ortiz that the transfer was "due to confidential information from the Internal Affairs Unit."
In October 1997, Ortiz inquired about the reasons for his designation as a gang member and noted that the Internal Affairs Unit had never questioned him about his membership in the Latin Kings. In January 1998, Ortiz received a response that provided no information and advised him that a "positive institutional adjustment [would] assist [him] in [his] future activities."
In February 2007, following an appearance before the prison classification committee, Ortiz renewed his efforts to understand and correct his identification as a member of a STG. Pursuant to N.J.A.C. 10A:1-4.5, he filed a routine inmate request denying any past or present affiliation with a STG or STG activities and asking the Department to correct its records. He received the following response: "Per SID c/o you are ID [sic] as a STG member (Latin Kings)."
Ortiz did not file an appeal to the prison Administrator but instead wrote to the Commissioner, who referred his letter to SID's Chief Investigator. The Chief Investigator responded:
Please be advised that upon a review of the Intelligence Unit files, at the time of your incarceration you were interviewed and identified as a member of a Security Threat Group (STG). You acknowledged being a member of the STG Latin Kings and you were found to be in possession of correspondence which contained STG Latin King material.
As a result of these findings the designation of your STG affiliation was properly placed on record.
Based on the totality of information gathered by the Special Investigations Division finds [sic] the information on record to be correct and no further action is warranted.
On August 9, 2007, Ortiz filed an interview request pursuant to N.J.A.C. 10A:1-4.5. He requested an in-person interview with a representative of SID "to resolve any misunderstandings and remove [the STG member designation] from [his] file." The only response he received was a notification that his request had been forwarded to the central office.
In November 2007, Ortiz wrote to SID requesting a response to his interview request. By memo dated December 26, 2007, SID's Chief Investigator responded:
Please be advised that after a thorough review of our Intelligence Gang Management System files it is noted that you were previously identified as an Almighty Latin King Queen Nation member on May 14, 1997 at East Jersey State Prison. The information is valid and will be maintained in the Intelligence Gang Management System as required by the Federal Guidelines.
As such since this information is correct no further action will be taken.
Ortiz did not file an administrative appeal in accordance with N.J.A.C. 10A:1-4.6. Instead, he filed a notice of appeal with this court on January 17, 2008.
Ortiz's failure to file an administrative appeal warrants dismissal of this appeal. An appeal to this court may not be maintained "so long as there is available a right of review before any administrative agency or officer, unless the interest of justice requires otherwise." R. 2:2-3(a)(2). The obligation to exhaust "administrative remedies before resort to the courts is a firmly embedded judicial principle." Garrow v. Elizabeth Gen. Hosp. & *499 Dispensary, 79 N.J. 549, 559, 401 A.2d 533 (1979); see Cent. R.R. Co. v. Neeld, 26 N.J. 172, 178, 139 A.2d 110, cert. denied. 357 U.S. 928, 78 S.Ct. 1373, 2 L.Ed.2d 1371 (1958). While the exhaustion requirement may be relaxed in the interest of justice, that relief is not appropriate when the factual record is less than adequate and the issue presented is one that requires the expertise of the agency. In re Stoeco Dev., Ltd., 262 N.J.Super. 326, 335, 621 A.2d 29 (App.Div.1993).
The factual record provided on this appeal does not permit us to proceed despite Ortiz's failure to exhaust his administrative remedies. In fact, the Department's various explanations for Ortiz's identification as a member of the Latin Kings are not consistent with one another. Ortiz has been given two different dates as the date on which he admitted membership in the Latin Kingsthe date of his incarceration, which was in 1987, and May 14, 1997. Similarly, although Ortiz has never been charged with commission of the prohibited act of possessing STG correspondence, on March 19, 2007 the Department told him that his identification as a member of a STG was based in part on correspondence containing STG material found in his possession. Moreover, the quality of the copies of that correspondence provided on appeal is too poor to permit this court to draw any conclusion about the significance of the letters in SID's file. We expect that the Department, having established an inmate-remedy system to permit inmates to request information and raise concerns, complaints and problems, N.J.A.C. 10A:1-4.1, would have addressed these apparent inconsistencies and explained the significance of the letters if Ortiz had filed an administrative appeal. Cf. N.J.A.C. 10A:5-6.9 (addressing preparation of materials explaining the content of confidential materials relevant to STG membership for presentation in connection with a hearing on placement).
The breadth and importance of the Commissioner's expertise and discretionary authority in matters of prison policy, regulation and administration also disfavor our consideration of this appeal. See City of Atlantic City v. Laezza, 80 N.J. 255, 265, 403 A.2d 465 (1979) (noting that exhaustion serves to ensure claims are heard by one with expertise in the area); Blyther v. N.J. Dep't of Corr., 322 N.J.Super. 56, 67, 730 A.2d 396 (App.Div.) (recognizing the broad authority delegated to the Commissioner by the Legislature and the improvidence of judicial involvement in matters involving the day-to-day management of prisons), certif. denied, 162 N.J. 196, 743 A.2d 848 (1999). Without question, identification of inmates who are members of a group that poses a threat to our prisons is a matter that should be addressed by the Department and its determination given deference unless capricious or arbitrary. State v. Rydzewski, 112 N.J.Super. 517, 521-22, 271 A.2d 907 (App.Div.1970).
Accordingly, this appeal is dismissed without prejudice to an administrative appeal. In view of the Department's failure to respond to Ortiz's interview request in the time or manner provided in its regulations, we direct the Department to consider the administrative appeal.
NOTES
[1] We note that apart from the potential for placement in a STGMU, which requires a prehearing determination of the sufficiency of evidence of membership in a STG, the regulations do not specify any adverse consequences that flow from identification as a member of a STG. It is not clear whether membership is a factor considered in making decisions such as transfer or reduction of an inmate's custody status. See, e.g., N.J.A.C. 10A:9-4.5(a)9 (authorizing consideration of all reasons related to the best interests of the inmate, the safe and orderly operation of the prison or the safety of the community).
[2] Although the brief submitted on behalf of the Department indicates that Ortiz signed the form on which his admission of membership is noted, the identity of the signatory is not at all evident.