**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0162-15T3

RICARDO FREENY,

    Plaintiff-Appellant,

v.

JOHN DOES,

    Defendants-Respondents.

_____

Submitted April 25, 2017 — Decided June 6, 2017

Before Judges Reisner and Rothstadt.

On appeal from Superior Court of New Jersey,
Law Division, Cumberland County, Docket Nos.
SC-241-15, SC-242-15, SC-243-15, SC-244-15,
SC-245-15, SC-246-15, SC-247-15, and Mercer
County, Docket No. SC-432-15.

Ricardo Freeny, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondents Mr. and Mrs. Lloyd,
Lieutenant Blair, Kenneth Crotty, Lieutenant
Warfle, and Connie Karch (Lisa A. Puglisi,
Assistant Attorney General, of counsel; Adam
Robert Gibbons, Deputy Attorney General, on
the brief).

Office of General Counsel for Rutgers
University, The State University of New
Jersey, attorneys for respondent Jennifer

Stackhouse (D'Andre Workman, Associate General Counsel, on the brief).

PER CURIAM

Plaintiff Ricardo Freeny, an inmate in state prison, appeals from the Special Civil Part's dismissal of the various small claims complaints that he filed against defendants, who either worked for the New Jersey Department of Corrections (DOC) or entities that were contracted to perform services at state prisons. His complaints alleged that the individual defendants physically injured him or caused loss or damage to his personal property. The trial court judges that considered the matters dismissed the complaints because plaintiff failed to appear for trial, they were filed outside of the applicable statute of limitations, or plaintiff failed to exhaust his administrative remedies through the inmate remedy system (IRS), N.J.A.C. 10A:1-4.1 to -4.9.[1] Plaintiff argues on appeal that he did not appear for trial because the DOC wrongfully failed to pay for his transportation to court,

---

[1] "Through the inmate-remedy system 'inmates may formally communicate with correctional facility staff to request information from, and present issues, concerns, complaints or problems to the correctional facility staff.'" Ortiz v. N.J. Dept. of Corr., 406 N.J. Super. 63, 66-67 (App. Div. 2009) (quoting N.J.A.C. 10A:1-4.1(a)(1)). An inmate dissatisfied with the result of that process "may appeal to this court from such a final decision." Id. at 67 (citing R. 2:2-3(a)(2)). See also N.J.A.C. 10A:2-6.1 (governing the procedures for determining an inmate's claims for reimbursement for lost, damaged, or destroyed personal property).

the court erred in failing to consider the continuing tort doctrine, and the interests of justice require we relax inmate administrative procedures.  We affirm.

The record discloses that plaintiff filed all of his complaints on April 27, 2015, with the Law Division's Special Civil Part in Cumberland County.  Each of his complaints demanded $3,000 in damages.  They alleged various acts of misconduct by prison officials that caused him physical injury and property loss, all relating to disciplinary charges that plaintiff alleged were based on events that took place on March 21, 2013, and that we addressed in our decision in Ricardo Freeny v. New Jersey Department of Corrections, A-5884-15 (App. Div. Feb. 24, 2015) in which we found insufficient evidence to support the charges made against him.

Plaintiff's complaints were scheduled for trial in Cumberland County on May 27, 2015.  Plaintiff failed to appear on that date so the court entered orders dismissing some complaints without prejudice, based on his failure to appear, and others with prejudice,[2] based upon the applicable two-year statute of limitations.  N.J.S.A. 2A:14-2(a).  The matters were then transferred to Mercer County and re-docketed in that venue.

---

[2]  Four complaints were dismissed without prejudice.

On July 10, 2015, the court in Mercer County consolidated all of the actions and ordered that they be dismissed. In a twelve-page written decision, the court explained its reasons for dismissing the complaints. In its decision, the court carefully reviewed the allegations of each of plaintiff's complaints. The court considered the IRS and the case law that discussed its application to inmates' claims. In addition, the court observed that inmates filing tort claims against the DOC are required to comply with the requirements of the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. Also, it discussed an inmate's responsibility to arrange for transportation to court to address the inmate's civil claims. The court concluded by recognizing there may be issues as to plaintiff's compliance with the TCA, but, in any event, found that plaintiff's claims fell "within the [IRS] and none of the allegations raised by [] Plaintiff belong on the Small Claims Docket." The court dismissed plaintiff's complaints. This appeal followed.

We conclude from our review of plaintiff's contentions that his appellate arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reason that plaintiff failed to exhaust his administrative remedies, as expressed by the trial court, for claims relating to loss or injury to his property or issues

4                                                        A-0162-15T3

relating to his incarceration. Any appeal from an adverse determination in that process should be filed with the Appellate Division and not by filing a small claims complaint. See Barnes v. Sherrer, 401 N.J. Super. 172, 177 (App. Div. 2008).[3] In addition, plaintiff's complaints that were filed based upon injuries to his person that occurred more than two years prior to a complaint's filing date were properly dismissed as being barred by the statute of limitations. N.J.S.A. 2A:14-2(a).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] As we stated in Barnes,

> [i]n light of our determination that [the inmate]'s claim should be resolved administratively, we decline to [address the issue of an inmate's right to be transported to court] in the present context. Nonetheless, we express concern that prisoners . . . are denied access to the courts in this fashion, if video conferencing or other technological means of communication could permit trial to occur at a reasonable cost and without the need for physical transport.
>
> [Ibid.]

A-0162-15T3