**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3259-18T3

ERIC HINES,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted February 24, 2020 – Decided March 24, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the New Jersey Department of Corrections.

Eric Hines, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Beonica McClanahan, Deputy Attorney General, on the brief).

PER CURIAM

Eric Hines appeals from a March 1, 2019 final agency decision by the New Jersey Department of Corrections (DOC) denying his request for a word processor. Hines is an inmate, classified and housed in Level 1-AdSeg—the most highly restricted housing unit—at South Woods State Prison. Pursuant to DOC's policy, inmates in that level are not permitted to possess word processors. We affirm.

On appeal, Hines argues:

POINT I
DISCRIMINATION AND RETALIATORY ACTS BEEN DISPLAYED SINCE 2016.

POINT II
FAILURE TO FOLLOW THEIR OWN RULES [AND] REGULATIONS GOVERNING ADMINSTRATIVE CLOSE SEGREGATION UNIT APP[R]OVAL FOR LEVEL #ONE INMATES.

POINT III
DISCRIMINATION AGAINST INMATE IN SIMILAR SITUATION.

POINT IV
FAILURE TO PROVIDE EQUAL PROTECTION OF THE LAW.

POINT V
BREACH OF DUTY.

Although we conclude that these contentions are without sufficient merit to warrant attention in a written opinion, Rule 2:11-3(e)(1)(D) and (E), we add these brief remarks.

Our standard of review is settled. We defer to administrative agencies in recognition of their "expertise and superior knowledge of a particular field." In re Herrmann, 192 N.J. 19, 28 (2007). In our review of DOC's exercise of authority, we must acknowledge "[t]he breadth and importance of the Commissioner's expertise and discretionary authority in matters of prison policy, regulation and administration[.]" Ortiz v. N.J. Dep't of Corr., 406 N.J. Super. 63, 70 (App. Div. 2009).

N.J.A.C. 10A:5-3.8 and N.J.A.C. 10A:1-11.2 address whether an inmate may possess specific property items. N.J.A.C. 10A:5-3.8, entitled "[p]ersonal items," states:

> (a) A Director, Division of Operations or designee shall, in accordance with the Administrative Segregation Level Program, develop a written list of authorized personal property items and the amounts of personal property items authorized for retention by inmates while confined in an Administrative Close Supervision Unit.
>
> (b) All inmates admitted to an Administrative Close Supervision Unit shall be permitted to retain only those personal property items and amounts of personal property as are set forth on the list of authorized,

3

permissible items for inmates in an Administrative Close Supervision Unit developed under (a) above.

(c) Unauthorized, non-permissible personal property shall be handled in accordance with N.J.A.C. 10A:1-11.

N.J.A.C. 10A:1-11.2(b), entitled "[p]ermissible personal property," requires "[t]he listing and any regulations concerning inmate personal property shall be published in each correctional facility Inmate Handbook." South Woods complied with these regulations. The Inmate Handbook identifies personal property items permitted for inmates in Level 1-AdSeg—a classification for inmates found guilty of serious disciplinary infractions and whose possessions, activities, and amenities are the most highly restricted—and a word processor is not listed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3259-18T3