# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0574-20

DENTIST DOE, a Pseudonymous
Dentist Licensed in New Jersey,

     Plaintiff-Appellant,

v.

NEW JERSEY STATE BOARD
OF DENTISTRY, GURBIR S.
GREWAL, in his personal and
official capacity as Attorney
General of New Jersey, PAUL R.
RODRIGUEZ, in his personal and
official capacity as Acting Director
of the New Jersey Division of
Consumer Affairs, JONATHAN
EISENMENGER, in his personal
and official capacity as Executive
Director of the New Jersey State
Board of Dentistry,

     Defendants-Respondents.

_____

Submitted November 8, 2021 – Decided February 18, 2022

Before Judges Messano, Rose and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. L-1860-19.

Bruce I. Afran, attorney for appellant.

Andrew J. Bruck, Acting Attorney General, attorney for respondents (Melissa H. Raksa, Assistant Attorney General, of counsel; Michael R. Sarno, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff, a licensed dentist in New Jersey, filed a complaint in the Law Division seeking injunctive and declaratory relief against the New Jersey Board of Dentistry and its directors (Board) for the ongoing publication of his name and adverse information on the Board's website and in two national databanks. The information resulted from disciplinary action brought against plaintiff's license, based on what he contends was a temporary medical condition allegedly resolved in 2001. Plaintiff entered a consent order with the Board in 1998 that resulted in the temporary cessation of his practice and restrictions on plaintiff's license upon his return to dentistry; they were lifted after four years and plaintiff's privileges to practice dentistry were fully restored.

The complaint also sought injunctive and declaratory relief against the New Jersey Attorney General (AG). Plaintiff alleged that because of the proceedings before the Board and the Board's orders, the AG referred certain

2

information to the National Instant Criminal Background Check System (NICS). Plaintiff alleged the referral was contrary to federal law, and one consequence of the referral was plaintiff's resulting inability to purchase a firearm in the state of Utah.

Plaintiff did not request the Board remove the information from its publicly accessible website, nor did he request the AG rescind the information previously sent to the NICS. Instead, he filed this complaint seeking declaratory and injunctive relief.

Defendants filed a motion to dismiss the complaint in the Law Division. While the motion judge viewed any attempts by plaintiff to resolve the issue at the Board or with the Office of the Attorney General as possibly "futile," and also recognized the lack of any record created before the Board or the AG, she concluded the Law Division lacked jurisdiction over challenges to the action or inaction of an administrative board or officer of the Executive Branch. The judge transferred the matter to this court pursuant to Rule 2:2-3(a)(2).

Before us, plaintiff contends the Board is prohibited from "publishing the adverse action orders" on its website under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and Executive Order 26 (2002). As to the AG, plaintiff argues his name was submitted to the NICS in error because he

was never adjudicated "a mental defective" nor been "committed to a mental institution," which are statutory predicates he claims that require the AG to submit such information under federal law.

Defendants contend that plaintiff's complaint was untimely and should be dismissed because it challenges actions taken many years ago, and pursuant to Rule 2:4-1(b), the complaint was not filed within the requisite forty-five days. Defendants also argue the merits of the appeal, essentially contending the Board was and remains obligated to make public its disciplinary orders, and the AG's obligations to forward the information to the NICS was appropriate. As to the latter, the AG notes that plaintiff has a specific remedy under Federal law to remove the information but has failed to avail himself of that administrative remedy.

Regardless of plaintiff's innovative arguments to the contrary, or the motion judge's musings that an attempt to seek administrative relief would be futile, we dismiss the appeal for plaintiff's failure to exhaust, or even attempt to avail himself of, administrative remedies. See Rule 2:2-3(a)(2) (noting that review by the Appellate Division is "not . . . maintainable so long as there is available a right of review before any administrative agency or officer, unless the interest of justice requires otherwise").

A-0574-20

"The obligation to exhaust 'administrative remedies before resort to the courts is a firmly embedded judicial principle.'" Ortiz v. N.J. Dep't. of Corr., 406 N.J. Super. 63, 69 (App. Div. 2009) (quoting Garrow v. Elizabeth Gen. Hosp. & Dispensary, 79 N.J. 549, 558–59 (1979)). "While the exhaustion requirement may be relaxed in the interest of justice, that relief is not appropriate when the factual record is less than adequate and the issue presented is one that requires the expertise of the agency." Ibid. (citing In re Stoeco Dev., Ltd., 262 N.J. Super. 326, 335 (App. Div. 1993)). See also ACLU of N.J. v. Hendricks, 233 N.J. 181, 200 (2018) (explaining final agency action is preferred and typically necessary for appellate review because a final decision "ha[s] a fully developed record," enabling "a reviewing court [to] engage in meaningful appellate review").

Certainly, as to plaintiff's claims against the AG, the record includes nothing more than the allegations in plaintiff's complaint. Those allegations amount to contentions "on information and belief" that plaintiff was denied a firearms license in Utah, and officials in that state told him it was because of information submitted by New Jersey.

The motion judge mused that plaintiff's pursuit of an administrative remedy may indeed be futile, and we acknowledge futility is one possible reason

5

to relax the exhaustion requirement. E. Cape May Assocs. v. N.J. Dep't of Env't Prot., 300 N.J. Super. 325, 339 (App. Div. 1997). But,

> [w]hatever the parameters of the so-called doctrine of futility as an exception to the doctrine of exhaustion of administrative remedies, that exception does not come into play before an applicant for administrative permission even files the request, at least not where the agency has some discretion to grant that request. . . . Preliminary statements from administrative officials, however, even if appearing conclusive, are just that — preliminary.
>
> [United Sav. Bank v. State, 360 N.J. Super. 520, 526 (App. Div. 2003) (emphasis added) (citations omitted).]

In this case, nothing in the record indicates plaintiff ever sought relief from the Board or the AG.

Before the motion judge, plaintiff couched the issues presented as purely legal in nature, apparently convincing the judge that this also weighed in favor of relaxing the exhaustion doctrine. However, "[t]he exhaustion requirement will . . . not be relaxed, even if the issue is solely one of law if 'agency expertise, policy, discretion or judgment' is particularly pertinent to its resolution." Pressler & Verniero, Current N.J. Court Rules, cmt. 3.5 on R. 2:2-3 (2022) (quoting Essex Council No. 1, N.J. Civ. Serv. Ass'n v. Gibson, 118 N.J. Super. 583, 586 (App. Div. 1972)). We conclude this is clearly such a case.

A-0574-20

Here, the Board contends that N.J.S.A. 52:14B-3(3) required it to publish on its website "all final agency orders, decisions, and opinions, in accordance with the provisions of . . . [OPRA]." See also Executive Order 227 (2017) (an agency must "make available for public viewing, through publication on the agency's Internet website, and through any other means, all final agency orders, decisions, and opinions, in accordance with the provisions of [OPRA]"). The declaratory relief plaintiff sought in his complaint was clearly cognizable under N.J.S.A. 52:14B-8, which permits "an agency upon the request of any interested person . . . [to] make a declaratory ruling with respect to the applicability to any person, . . . or state of facts of any statute or rule enforced or administered by that agency." See Ridgewood Educ. Ass'n v. Ridgewood Bd. of Educ., 284 N.J. Super. 427, 431 (App. Div. 1995) (noting "N.J.S.A. 52:14B-8 is based upon a venerable tradition of liberal application of standing criteria, . . . in furtherance of the principles embodied in the Declaratory Judgments Act, N.J.S.A. 2A:16-50, -53, especially [in] regard[ to] exercises of legislative or quasi-legislative authority" (citations omitted)).[1] Plaintiff never availed himself of potential administrative relief.

---

[1] In an argument raised in his reply brief, plaintiff admits that the Board's actions were quasi-legislative in nature.

Because there is no administrative record and because plaintiff failed to even pursue relief before the Board or directly with the AG, we dismiss the appeal.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0574-20