**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1249-20

WILLIAM MENTER,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.

_____

  Submitted March 7, 2022 – Decided March 16, 2022

  Before Judges Fasciale and Vernoia.

  On appeal from the New Jersey Department of
  Corrections.

  William Menter, appellant pro se.

  Matthew J. Platkin, Acting Attorney General, attorney
  for respondent (Jane C. Schuster, Assistant Attorney
  General, of counsel; Stephanie Trotter, Deputy
  Attorney General, on the brief).

PER CURIAM

William Menter appeals from a December 3, 2020 final agency decision by the New Jersey Department of Corrections (DOC) finding Menter guilty of committing prohibited act *.002 (assault of any person), N.J.A.C. 10A:4-4.1(a)(1)(ii), and imposing sanctions. Menter is incarcerated at New Jersey State Prison, serving a life sentence with a mandatory-minimum term of one hundred years.

The prohibited act pertains to an incident that required Correctional Officer Mohammed to respond to a code 33 in Menter's cell unit.[1] A correctional officer called the code after Menter refused to "give up the phone" he was using. Mohammed, who assisted Correctional Officer Walls, observed Menter standing by his cell door with hands raised in "an aggressive manner." Menter refused to comply with the officers' orders to get on the ground.

Walls deployed chemical spray after Menter failed to comply. Menter then struck them on their bodies. Sergeant Mihalik stated that when she and a suited team of officers responded to the code 33, Menter was cuffed and secured in a cell. A witnessing inmate stated that Menter was agitated by an earlier

---

[1] A code 33 alerts DOC staff of the existence of an emergency in the prison facility requiring officer assistance.

incident where his cell door was not opened for dinner at the same time as the other inmates.

Menter pled not guilty at the disciplinary hearing, as he claims that he was, in fact, the victim of an assault by Walls, Mohammed, and other officers gathered at his cell during the code 33. Menter requested a polygraph, witness statements, confrontation of witnesses, and surveillance video footage. A prison administrator denied his request for a polygraph. Walls, Mohammed, and Mihalik provided statements, to which Menter had the opportunity to confront with questions. The hearing officer also denied Menter's request for video footage because it was "irrelevant."

After reviewing the evidence and witness statements, the hearing officer found Menter guilty of assault under N.J.A.C. 10A:4-4.1(a)(1)(ii), imposed sanctions of 30 days of loss of recreation privileges, 180 days of loss of commutation time, and 200 days in the Restorative Housing Unit. Menter administratively appealed. The DOC then rendered its decision upholding the hearing officer's decision.

On appeal, Menter argues:

POINT I

THE DISCIPLINARY HEARING OFFICER VIOLATED [MENTER'S] DUE PROCESS RIGHTS,

3 A-1249-20

AS SET FORTH IN AVANT V. CLIFFORD[2], WHEN THE HEARING OFFICER MADE FINDINGS NOT BASED ON SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD.

POINT II

[MENTER'S] PROCEDURAL DUE PROCESS RIGHTS WERE VIOLATED WHEN THE HEARING OFFICER DENIED HIM ACCESS TO THE AREA VIDEOTAPE THAT WOULD HAVE SHOWN HE WAS TELLING THE TRUTH ABOUT THE INCIDENT.

POINT III

[MENTER'S] PROCEDURAL DUE PROCESS RIGHTS WERE VIOLATED WHEN THE HEARING OFFICER DENIED HIM CREDIT FOR THE TIME HE HAD SPENT IN PRE-HEARING DETENTION HOUSING: CONTRARY TO [N.J.A.C.] 10A:4-10.1(f).[3]  (Not raised below).

Our standard of review is well-settled.  We defer to administrative agencies in recognition of their "expertise and superior knowledge of a particular field."  In re Herrmann, 192 N.J. 19, 28 (2007).  In our review of the DOC's exercise of authority, we must acknowledge "[t]he breadth and importance of the Commissioner's expertise and discretionary authority in

---

[2]  Avant v. Clifford, 67 N.J. 496 (1975).

[3]  N.J.A.C. 10A:4-10.1(f) was recodified to N.J.A.C. 10A:5-6.1(f).

matters of prison policy, regulation[,] and administration." Ortiz v. N.J. Dep't of Corr., 406 N.J. Super. 63, 70 (App. Div. 2009).

Menter's contention that he was denied his due process right to present documentary evidence is without merit. The limited due process rights to which inmates in our prisons charged with disciplinary infractions are entitled were first enumerated by our Court in Avant, 67 N.J. at 525-30, and are codified in DOC regulations, N.J.A.C. 10A:4-9.1 to -9.28. Among the rights granted by Avant is the limited right to "present documentary evidence in their defense when such procedure will not be unduly hazardous to institutional safety or correctional goals." 67 N.J. at 529.

Menter contends that security camera evidence from the South Compound hallway and stairwell, from 6:00 p.m. to 7:15 p.m., would support his claim that a group of officers attacked him without provocation. Menter argues the footage would prove that Mihalik and the suited team were already in his unit prior to any code being called and contradict the witnesses' accounts. We agree with the hearing officer that any video of the hallway and stairwell is irrelevant to Menter's claims. The incident occurred on the third floor at Menter's cell. There is no video footage available for that area, and any video of the suited team using the South Compound hallway and stairwell would not refute Mohammed and

Walls' accounts that Menter assaulted them. As such, the hearing officer properly denied Menter's request for the surveillance video.

An inmate's due process rights also include: written notice of the charges at least twenty-four hours prior to the hearing, N.J.A.C. 10A:4-9.2; a fair tribunal, N.J.A.C. 10A:4-9.15; a limited right to call witnesses, N.J.A.C. 10A:4-9.13; a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14; a written statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24; and the assistance of counsel-substitute in certain circumstances, N.J.A.C. 10A:4-9.12. Here, we are satisfied that Menter was afforded all his due process rights. He was provided written notice of the violation, given a written statement of reasoning, afforded counsel-substitute, and had the opportunity to confront adverse witnesses, all before an impartial hearing officer.

A disciplinary hearing officer's decision that an inmate is guilty of a prohibited act must be based on substantial evidence in the record. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010). "Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 192 (internal quotation marks omitted) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

A-1249-20

We conclude that the hearing officer's finding of guilt was based on substantial evidence in the record. The hearing officer listened to Menter's phone call, the end of which started the altercation, and heard the officer asking Menter for the phone. Walls, Mohammed, and Mihalik's statements were mostly consistent with each other and contradicted Menter's claims that a group of officers attacked him. Menter confronted the witnesses with questions, and the hearing officer assessed their credibility. Therefore, we find no reason to disturb the final agency decision upholding the hearing officer's finding.

Menter also argues that he did not receive credit for time spent in Pre-hearing Disciplinary Housing, but we will not consider this argument because he failed to raise it on appeal to the DOC. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (refusing to consider issues not properly presented to the trial court unless they concern jurisdiction or "matters of great public interest").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1249-20