**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1765-21

SHALIK COLEMAN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 4, 2023 – Decided December 12, 2023

Before Judges Mawla and Chase.

On appeal from the New Jersey Department of Corrections.

Shalik Coleman, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Shalik Coleman, who is incarcerated in New Jersey State Prison ("NJSP"), appeals from the Department of Correction's ("Department") May 4, 2022, final agency decision upholding the garnishment of COVID stimulus funds he received to pay outstanding court-ordered fines and restitution. We affirm.

In 2016, Coleman was convicted of aggravated manslaughter and unlawful possession of a weapon. In addition to incarceration, the sentencing court ordered him to pay $6,204.33 in restitution to the Violent Crimes Compensation Board and $155 in fines and penalties.

In 2020 and 2021, the federal government enacted multiple laws in response to the COVID-19 pandemic. At least two of the laws, the Consolidated Appropriations Act ("CAA"), 116 Pub. L. 206 Enacted H.R. 133, 134 Stat. 1182 (2020), and the American Rescue Plan Act of 2021 ("ARPA"), 117 Pub. L. 2 Enacted H.R. 1319, 135 Stat. 4, (2021), authorized direct payments to most American adults with an income below $75,000.

Coleman applied for funds under ARPA. In April 2021, he received a $1,400 ARPA stimulus check, which was deposited into his trust account. After Coleman received this stimulus payment, the Department garnished ten percent of the deposit to fulfill part of his outstanding court-ordered debts. Because the

total amount received exceeded $499, the Department made additional deductions totaling $343.40 on May 14, 2021, to pay towards his restitution. The total amount deducted was $483.40.

Coleman submitted two inmate inquiries regarding the deductions. The Department responded that any receipts in excess of $500, including funds from the stimulus check, were subject to additional deductions to pay towards his court-ordered obligations.

Coleman then submitted four inmate grievances, claiming for various reasons that the Department had deducted more than authorized. The Department responded to the inquiries by noting their policy concerning deductions of fines, penalties, and restitution. The Department also referred Coleman to his inmate handbook. The Department further explained that additional deductions above the initial ten percent were calculated in accordance with the Department's tiered deduction schedule, which provides for a thirty-three percent deduction of amounts over $500. After the fourth grievance, Coleman's case was referred to the Department's Central Office Revenue Unit.

On May 22, 2022, the Department issued a final agency decision and affirmed the deductions, noting that the total deduction of $483.40 was proper. This appeal followed.

A-1765-21

I.

"An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014) (citing In re J.S., 431 N.J. Super. 321, 329 (App. Div. 2013)).

We defer to administrative agencies in recognition of their "expertise and superior knowledge of a particular field." Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992) (citing Clowes v. Terminix Int'l, 109 N.J. 575, 587 (1988)). In our review of the Department's authority, we must acknowledge "[t]he breadth and importance of [its] expertise and discretionary authority in matters of prison policy, regulation and administration . . . ." Ortiz v. N.J. Dep't of Corr., 406 N.J. Super. 63, 70 (App. Div. 2009).

II.

Coleman argues the Department violated his due process in two ways. First, relying on the CAA, Coleman argues the ARPA stimulus check was exempt from any debt collection, including court-imposed fines and restitution.

4

Second, he posits a deduction could have been made only if the money was awarded as a result of a lawsuit pursuant to N.J.S.A. 30:4-16.4 and N.J.A.C. 10:A:6-4.4. Coleman thus concludes the Department's two deductions were arbitrary and capricious.

ARPA, unlike the CAA, does not exempt stimulus payments from garnishments for court-ordered fines and restitution. Under § 272(d)(2)(A) of the CAA, "no applicable payment shall be subject to execution, levy, attachment, garnishment, or other legal process." Under § 272(d)(2)(E)(v), a "garnishment order" is defined as a "writ, order, notice, summons, judgment, levy, or similar written instruction issued by a court, a State, or State agency." On the contrary, ARPA only provided protections against reduction or offset for past-due federal taxes, unpaid child support, debts owed to federal agencies, past-due State income tax obligations, and unemployment compensation debts. 117 Pub. L. 2, § 9601, 135 Stat. 4, 143 (2021).

N.J.S.A. 2C:46-4(a)(1) authorizes the Department to collect fines, assessments and restitution imposed by the Superior Court as part of an inmate's criminal sentence. Under N.J.A.C. 10A:2-2.2(d)(6), "[e]xcept where prohibited by State or Federal statute, deductions of funds either earned or unearned from inmate accounts shall be made by the Business Manager as permitted by . . .

N.J.S.A. 2C:46-4." Therefore, because the ARPA funds can be garnished, the Department's decision to withhold Coleman's funds to pay his court-ordered debts falls within its authorized actions under N.J.S.A. 2C:46-4.

Coleman also contends N.J.S.A. 30:4-16.4 and N.J.A.C. 10A:6-4.4 specifically prohibit the Department from deducting additional funds beyond ten percent of his stimulus check. While these statutes do pertain to the use of inmate funds for fines, restitution, and penalties, they do not prohibit deductions from the stimulus funds in question. Pursuant to N.J.S.A. 30:4-16.4 and N.J.A.C. 10A:6-4.4, all funds deposited into an inmate's account as a result of civil action judgment shall be used to satisfy court-imposed fines. These statutes do not state that only such deposits may be used for such satisfaction. The stimulus check was credited to Coleman's trust account and was subject to withholdings under N.J.S.A. 2C:46-4(a)(1) and N.J.A.C. 10A:2-2.2(d)(6). That the funds were unrelated to a judgment in a civil action has no bearing on whether the deductions were proper.

We have considered all other points raised by appellant and conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1) (E). The Department's decision is support by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D).

6

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1765-21